DAVID A. HILDRETH v. UNITED STATES CASUALTY COMPANY, A FOREIGN INSURANCE CORPORATION, HARRY D. McLAUGHLIN AND OLIN NIVEN.

(Filed 10 November, 1965.)

1. **Insurance § 2—**

     An insurance agent is liable to the insurer if the agent issues a policy in violation of his instructions resulting in loss to insurer.

2. **Negligence § 9—**

     Where two persons are jointly liable in respect to a tort, one being liable because he is the active wrongdoer and the other by reason of constructive or technical fault imposed by law, the latter, if blameless as between himself and his co-tortfeasor, will ordinarily be allowed to recover full indemnity over against the actual wrongdoer as upon a contract implied in law.

3. **Same; Pleadings § 8— In action against insurer and its agents asserting liability on policy, insurer is entitled to file cross-action for indemnity.**

     Plaintiff, after return of execution against insurer unsatisfied, sued in-

surer and its agents seeking to recover on the grounds: (1) that the agency had issued insurer's policy of liability insurance covering the loss, (2) that the issuance of the policy by the agency was within its apparent authority, (3) that if no policy was issued the agent had issued to insured a FS-1 certificate in insurer's name, and therefore insurer was estopped to deny liability. Plaintiff also contended upon facts alleged that if insured were not liable plaintiff is entitled to recover against the insurance agent purporting to have issued the policy. *Held:* Insurer is entitled to file a cross-action for indemnity against the agent on the ground that insurer's liability is secondary and arises from the wrongful conduct and breach of duty on the part of its agent, and such cross-action for indemnity is germane to plaintiff's cause of action, since plaintiff, in making out his cause of action, must prove facts in regard to the agency, the scope of the agent's authority and their respective duties and responsibilities.

APPEAL by defendant, United States Casualty Company, from *Houk, J.,* February 15, 1965, "A" Civil Session of MECKLENBURG.

Action to recover benefits under an alleged policy of automobile liability insurance.

The complaint alleges, in summary, the following facts: Harry D. McLaughlin was, on 6 May 1959, a licensed insurance agent and was the agent of United States Casualty Company (Company) for soliciting and writing automobile liability insurance at Waxhaw, N. C. McLaughlin and Olin Niven operated and maintained an insurance business as Waxhaw under the name of McLaughlin and Niven Insurance Agency (Agency). McLaughlin was authorized and permitted by the Company to designate Niven as his sub-agent with authority to transact the business of the Agency and sign McLaughlin's name to papers and documents in connection with transactions with and on behalf of the Company. The Company delivered to and permitted the Agency, and both members thereof, to have in possession application forms for automobile liability insurance, binder forms for such insurance, and FS-1 forms (North Carolina Certificate of Insurance) with the Company's name printed thereon; the Company authorized and permitted both members of the Agency to make use of these forms in writing business: and the Company thereby held out the said Agency and each member thereof as its agent, or agents, to transact the Company's insurance business. On 6 May 1959 Henry Bradley Robinson purchased from the Agency a contract of automobile liability insurance in standard form as written by the Company and in accordance with the laws of North Carolina, with limits of $5000-$10,000 liability for personal injury and $5000 property damage. Robinson's Mercury is the automobile described in the policy. Robinson paid the Agency $10 on the premium and got a receipt therefor. The Agency issued and delivered to Robinson a FS-1 on the Company's form, signed in the name of McLaughlin. The

FS-1 was filed with the State Department of Motor Vehicles. The Company never cancelled or terminated the insurance and never gave notice of cancellation or termination to the insured or the Department. The insurance was in full force and effect on 15 May 1959. On that date plaintiff was injured when the car he was driving collided with the Mercury (the insured car) driven by Robinson. The Company was given notice of the collision. Plaintiff sued Robinson in the Superior Court of Mecklenburg County and recovered judgment on 16 January 1963 in the amount of $5000 on account of the injuries received by him in the collision. Plaintiff has made demand on the Agency and the Company for payment of the judgment but they have refused to pay. Robinson has done all the things required of him under the contract of insurance as conditions precedent. If the Company is not bound by the acts of the Agency in making the contract of insurance, the members of the Agency are "themselves bound on the said contract in the same manner and to the full extent that the corporate defendant insurance company would have been had it created said contract," or the members of the Agency are liable "for breach of implied warranty of authority to insure."

McLaurin and Niven, answering, set forth these facts: Robinson applied to Niven for automobile liability insurance, and filled out an application therefor. Niven told him the premium was $112 and the application would not be "sent through" until one-half of the premium was paid. Robinson paid $10 and Niven gave him a receipt. Robinson requested a FS-1, and Niven prepared it with copies, omitting policy number, and gave Robinson the third carbon copy, after signing McLaurin's name thereto. Niven attached the original and duplicate of the FS-1 to the application and told Robinson the policy number would be entered and the form "sent through" when one-half of the premium was paid. Robinson later paid an additional $8. Both payments were later returned to Robinson. The application and original FS-1 were never "sent through." The third copy of FS-1 which had been delivered to Robinson was not sent to the Motor Vehicles Department until after the accident in question. McLaughlin and Niven never issued to Robinson a policy or an original FS-1.

United States Casualty Company, answering, deny the material allegations of the complaint and for a "Further Answer and Defense" aver that Robinson did not pay the premium for a policy of insurance or a binder and no policy or binder was ever issued by the Company. For a "Second Further Answer and Defense and as a Cross-action," the Company alleges in substance as follows: McLaughlin was the local soliciting agent for the Company in Waxhaw. He was conducting his business as agent for the Company and one

or more other insurers, under the name of McLaughlin and Niven Insurance Agency. The Company entrusted the Agency with original FS-1 forms and copies, and application forms for automobile liability insurance. The Agency was not authorized to issue a FS-1 unless it had in possession a completed application for insurance. It was obligated upon taking a completed application and issuing a FS-1 to immediately forward the application with a copy of the FS-1 to the Company. The Agency did not at any time have in possession an application completed and signed by Robinson, nor did it ever forward any such application to the Company. On 6 May 1959 the agency gave Robinson an incomplete carbon copy of FS-1 form, but did not release the original. Under the rules of the Department of Motor Vehicles, then in effect, a FS-1 to be effective was required to be the original. The Company did not authorize the Agency to issue a policy, a binder, or a FS-1 to Robinson, and the Agency did not advise the Company that it had parted with the copy of the FS-1 until after the accident in question. If the Company has any obligation to the plaintiff in this action, such liability arises from the direct and primary wrongful conduct on the part of the Agency in the breach and violation of the duties of McLaughlin to the Company, as its agent, and the Company is entitled "to be indemnified and saved harmless" by McLaughlin "of and from all amounts to which it may be adjudged indebted to the plaintiff in this action."

Plaintiff, in reply, alleges that by reason of the issuance of the copy of the FS-1 and other acts and admissions the Company is estopped to deny that it had in effect a policy of insurance.

Plaintiff moved to strike the Company's "Second Further Answer and Defense and Cross-action" in its entirety on the grounds that it "is not germane to plaintiff's cause of action," the determination of the rights and liabilities between the defendants is not necessary to a conclusion of plaintiff's action, there is not "such a community of interest between all parties to make such cross-action appropriate." the Company cannot be permitted to plead an indemnity agreement against its agent, McLaughlin, as a cross-action when plaintiff is not privy to such agreement, and the allegations of the cross-action are "incompetent, irrelevant, immaterial, redundant and prejudicial."

The court entered an order sustaining the motion and striking the said Second Further Answer and Defense and Cross-action.

*Beverly H. Currin for plaintiff.*

*Carpenter, Webb & Golding for defendant United States Casualty Company.*

MOORE, J.  The sole question for determination on this appeal is whether the Company may maintain its cross-action for indemnity against its codefendant, McLaughlin, in plaintiff's action. The answer is "yes."

"An insurance agent is liable in damages for any loss sustained by the company arising from the agent's breach of duty. . . . Thus, if the agent issues a policy in violation of his instructions, he will be liable to the company for the amount of loss which it has been compelled to pay on such policy, together with the expenses incurred in connection therewith. . . ." 44 C.J.S., Insurance, § 159, pp. 834, 835. "It is ordinarily true that for breaches of duty involved in the contract of agency the principal may sue either for breach of contract for faithfulness or in tort for a breach of duty imposed by the same." *Elam v. Realty Co.*, 182 N.C. 599, 604, 109 S.E. 632.

"A cross-claim for indemnification may be asserted by one original defendant against another when it is based on allegations of primary liability arising by law in respect of plaintiff's claim as opposed to merely secondary liability thereon of the cross-claiming defendant, as in cases of active and merely passive negligence, or of direct and merely vicarious liability." McIntosh: North Carolina Practice and Procedure (2d Ed.), Vol. 1, § 1224.5 (1964 Pocket Part p. 159). Where two persons are jointly liable in respect to a tort, one being liable because he is the active wrongdoer, the other by reason of constructive or technical fault imposed by law, the latter, if blameless as between himself and his co-tortfeasor, will ordinarily be allowed to recover full indemnity over against the actual wrongdoer. *Steele v. Hauling Company*, 260 N.C. 486, 133 S.E. 2d 197; *Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82; *Amusement Co. v. Tarkington*, 247 N.C. 444, 101 S.E. 2d 398; *Hayes v. Wilmington*, 243 N.C. 525, 91 S.E. 2d 673. The doctrine of primary-secondary liability is based upon a contract implied in law. *Hunsucker v. Chair Co.*, 237 N.C. 559, 75 S.E. 2d 768. The inquiry as to primary and secondary liability, when properly pleaded and supported by evidence, is germane to plaintiff's cause of action. *Greene v. Laboratories, Inc., supra; Clothing Store v. Ellis Stone & Co.*, 233 N.C. 126, 63 S.E. 2d 118.

Plaintiff asserts, in two aspects of the case, alternative rights of recovery. He alleges facts which he contends give right of recovery against the Company, but he alleges further that if no such right exists the facts are such as to entitle him to recover against the Agency. As against the Company, he contends he is entitled to recover on one of three theories: (1) Robinson purchased a policy of insurance from the Company's agent and in the issuance of the

policy the agent acted within the scope of his actual authority as such agent, and the Company is bound by the terms of the policy; or (2) Robinson purchased a policy of insurance from the Company's agent and, even if the issuance of such policy was not within the scope of the agent's actual authority, such issuance was within the scope of the Agent's apparent authority and the Company is bound; or (3) Robinson purchased a policy of insurance from the Company's agent and, though no policy was ever actually issued, the Agent issued to Robinson a FS-1 certificate confirming that a policy of insurance was in effect, and, even though issuance of the certificate might not have been within the scope of the actual authority of the agent, it was within the scope of the agent's apparent authority and the Company is estopped by the issuance of the certificate to deny that the policy applied for and purchased was issued and in effect.

It will be observed that the transaction alleged by plaintiff, whatever the facts prove to be, concerns Robinson, the Company and its agent, McLaughlin. Plaintiff, for the purposes of this action, stands in Robinson's shoes. When the matter comes to trial plaintiff must, if he is to make out a case of liability on the part of the Company, show by evidence or admissions of defendants an agency relationship between McLaughlin and the Company, the scope thereof, and the respective duties and responsibilities as between said defendants. Once this is done and the true facts of the transaction are established, the liability of McLaughlin to the Company, if any, will arise as a matter of law, that is, as a matter of contract implied in law. The Company does not plead an indemnity agreement. It asserts that if it has incurred liability to plaintiff its liability is secondary and arose because of the wrongful conduct and breach of duty on the part of McLaughlin, which breach of duty was the direct cause of the liability, imposing primary liability on McLaughlin. The Company's cross-action is germane to plaintiff's cause of action and the court erred in striking it from the Company's answer.

Reversed.