GREGG HORNBY, D/B/A THE TOUCH OF CLASS v. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY AND C. BENJAMIN SPRADLEY, D/B/A C. BENJAMIN SPRADLEY INSURANCE

No. 855SC137

(Filed 15 October 1985)

1. **Appeal and Error § 68.2— prior trial—same evidence—prior appeal law of the case**

    Where plaintiff presented substantially the same evidence at the second trial of an action arising from a failure to procure insurance coverage, the Court of Appeals' prior determination that the evidence in this case was sufficient to submit to the jury on the question of the insurance company's liability under generally accepted principles of agency was the law of the case. Rules of App. Procedure, Rule 28(a).

2. **Rules of Civil Procedure § 50.5— denial of motion for directed verdict—preserved for appeal**

    Defendant adequately preserved for appeal the trial court's denial of its motion for a directed verdict on the issue of punitive damages in an action arising from a failure to procure insurance where defendant timely moved for a directed verdict and stated the specific grounds therefor, excepted to and assigned as error the denial of its motion, made a timely motion for judgment n.o.v. after the verdict, immediately gave notice of appeal when the motion was denied, brought forward the assignment of error, and presented the

Hornby v. Penn. Nat'l Mut. Casualty Ins. Co.

*arguments and authorities on which it relies in its brief.* G.S. 1A-1, Rule 50, Rules of App. Procedure, Rules 10 and 28(a).

**3. Insurance § 2.2— failure to procure insurance—punitive damages—not supported by evidence**

An award of punitive damages against defendant insurance company for failure to procure insurance was not supported by evidence which showed only that defendant's agent was negligent in his efforts to procure insurance for plaintiff and that defendant negligently delayed acting on plaintiff's application for insurance, but did not show that defendant or its agent intentionally or wantonly delayed acting upon the application and effecting coverage and did not show any other element of aggravation accompanying defendant's or its agent's negligence. G.S. 58-177(4) (1982).

**4. Insurance § 2.2— failure to procure insurance—problems with other policies—admissible**

There was no error in an action for damages arising from a failure to procure insurance in the admission of evidence that tended to show that defendant's agent had experienced problems or delays with other accounts with defendant. The problems with other accounts were sufficiently similar and close in time to be relevant to the question of defendant's negligence.

**5. Insurance § 2.2— failure to procure insurance—statutory definition of agent read to jury—no error**

There was no error in an action for damages arising from a failure to procure insurance where the court permitted plaintiff's attorney to read into evidence the first sentence of G.S. 58-46 (1982), which provides that any agent who acts for a person other than himself in negotiating an insurance contract is the company's agent for the purpose of receiving the premium. This sentence was relevant because an agent acting on behalf of defendant negotiated with plaintiff for a contract of insurance and accepted a premium from plaintiff.

**6. Insurance § 2.4— failure to procure insurance—crossclaim by company against agent—directed verdict for agent proper**

In an action against an insurance company and agent arising from a failure to procure insurance, there was no prejudicial error in granting the agent's motion for a directed verdict on the company's crossclaim for indemnity because the company was found by the jury to be actively negligent and was therefore *in pari delicto* with the agent and not entitled to indemnity from him.

APPEAL by defendant Pennsylvania National Mutual Casualty Insurance Company from *Lewis (John B., Jr.), Judge.* Judgment entered 15 February 1984 in NEW HANOVER County Superior Court. Heard in the Court of Appeals 14 August 1985.

This is a civil action in which plaintiff seeks to recover compensatory, consequential and punitive damages from defendants

for breach of contract, negligence and fraud. Plaintiff alleged, in pertinent part, that in March 1977 defendant Pennsylvania National Mutual Casualty Insurance Company (Penn), through its agent defendant Spradley, entered into a contract of fire and casualty insurance with plaintiff covering a building and its contents, all owned by plaintiff; that the insured property was substantially damaged by fire in December 1977; that plaintiff immediately reported the loss to Spradley; and that Penn denied coverage for the loss, thereby damaging plaintiff by its refusal to honor its insurance contract.

Plaintiff alleged alternative claims for relief based on Spradley's negligent failure, and breach of his contract, to procure insurance coverage; Spradley's fraudulent misrepresentation that plaintiff had insurance coverage; and Penn's negligent failure to effect insurance coverage. Penn and Spradley filed answers generally denying plaintiff's allegations and Penn filed a cross-claim against Spradley for indemnity.

When the action first went to trial, the trial court granted a directed verdict in favor of Penn at the close of plaintiff's evidence and denied Spradley's motion for a directed verdict. Plaintiff took a voluntary dismissal without prejudice as to Spradley and appealed from the judgment entered in favor of Penn. This Court affirmed in part and reversed in part the judgment entered and remanded the action to the trial court. *See Hornby v. Penn. Nat'l Mut. Casualty Ins. Co.*, 62 N.C. App. 419, 303 S.E. 2d 332, *disc. rev. denied*, 309 N.C. 461, 307 S.E. 2d 364 (1983). This Court held that the trial court had properly granted a directed verdict for Penn on plaintiff's breach of contract claim because the evidence showed that plaintiff was not covered by a valid binder at the time of the fire and was never issued a written insurance policy, but further held that the court had improperly granted a directed verdict for Penn on plaintiff's negligence claims. *Id.* This Court found that the evidence, when viewed in the light most favorable to plaintiff, was sufficient to submit to the jury the issues of whether Penn was negligent by its own actions in failing to effect insurance coverage and whether Penn was liable for negligence on the part of its agent Spradley. *Id.*

Before this action came on for retrial, plaintiff filed a new suit against Spradley which was consolidated with the present action for trial. At the close of the evidence at the second trial, plaintiff again dismissed his action against Spradley and the trial court granted a directed verdict for Spradley on Penn's cross-claim for indemnity. Penn moved for directed verdicts on several issues, including the issues of agency and punitive damages, but its motions were denied.

The jury answered the issues submitted as follows:

1. Did the Defendant, Pennsylvania National Mutual Casualty Insurance Company negligently fail to effect insurance coverage on the Plaintiff's Hornby's property?

ANSWER: YES

2. Did Spradley negligently fail to take the steps necessary to effect insurance coverage on the Plaintiff's property?

ANSWER: YES

3. If so, was Spradley acting as agent of Defendant Pennsylvania National Mutual Casualty Insurance Company?

ANSWER: YES

4. What amount, if any, is the Plaintiff entitled to recover of the Defendant Pennsylvania National Mutual Casualty Company?

ANSWER: $75,000.00

5. What amount of punitive damages, if any, should be awarded to Hornby against Pennsylvania National Mutual Casualty Company?

ANSWER: $68,750.00

From the judgment entered in accordance with the verdict, Penn appealed.

The facts of this case, as shown by the evidence presented by plaintiff at the first trial of this matter, are set forth in *Hornby v. Penn. Nat'l Mut. Casualty Ins. Co., supra*. Since it appears that plaintiff presented substantially the same evidence at the second trial, we feel it is unnecessary to repeat those facts herein.

*Rose, Rand, Ray, Winfrey & Gregory, P.A., by Ronald E. Winfrey, and Newton, Harris & Shanklin, by Kenneth A. Shanklin, for plaintiff.*

*Johnson & Lambeth, by Robert White Johnson, for defendant Pennsylvania National Mutual Casualty Insurance Company.*

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, for defendant C. Benjamin Spradley.*

WELLS, Judge.

[1] Penn contends the trial court erred in submitting the issue of agency to the jury and in its charge to the jury on this issue. Penn argues that the evidence shows that Spradley was an independent contractor, rather than its employee, and that therefore it was not liable for any negligence on the part of Spradley.

This same argument was made by Penn and rejected by this Court on the first appeal in this action, *see Hornby v. Penn. Mut., supra,* as conceded by Penn in a document filed with this Court. The law is clear that "[o]nce an appellate court has ruled on a question, that decision becomes the law of the case and governs the question not only on remand at trial, but on a subsequent appeal of the same case." *N.C.N.B. v. Virginia Carolina Builders,* 307 N.C. 563, 299 S.E. 2d 629 (1983); *Transportation, Inc. v. Strick Corp.,* 286 N.C. 235, 210 S.E. 2d 181 (1974). This is so provided the same facts and the same questions which were determined in the previous appeal are involved in the subsequent appeal. *Transportation, Inc. v. Strick Corp., supra.* This Court's prior determination that the evidence in this case was sufficient to submit to the jury the question of Penn's liability based on the negligence of Spradley under generally accepted principles of agency is the law of this case; therefore, we are bound by it and must reject Penn's argument.

Although Penn noted exceptions to certain portions of the jury charge relating to the issue of agency and made these exceptions the basis of an assignment of error, no argument or discussion appears in its brief relating to the instructions to the jury on this issue other than its argument that the issue should not have been submitted at all. Any other contentions Penn may have had with respect to the instructions on this issue are therefore

deemed abandoned. *See* Rule 28(a) of the Rules of Appellate Procedure; *Love v. Pressley*, 34 N.C. App. 503, 239 S.E. 2d 574 (1977); *disc. rev. denied*, 294 N.C. 441, 241 S.E. 2d 843 (1978).

[2]   Penn assigns as error the trial court's denial of Penn's motion for a directed verdict on the issue of punitive damages. Plaintiff asserts that Penn has not properly preserved this assignment of error for review. We disagree. Penn timely moved for a directed verdict on the issue of punitive damages and stated the specific grounds therefor, and excepted to, and assigned as error, the denial of its motion. After the verdict was returned, Penn made a timely motion for judgment notwithstanding the verdict and immediately gave notice of appeal when the motion was denied. Penn brought forward this assignment of error and presented the arguments and authorities on which it relies in its brief. Such actions were clearly adequate to preserve this issue for review. *See* Rules 10 and 28(a) of the Rules of Appellate Procedure; N.C. Gen. Stat. § 1A-1, Rule 50 of the Rules of Civil Procedure (1983).

[3]   Penn argues that the issue of punitive damages should not have been submitted to the jury because no evidence was presented of conduct on its part which would justify an award of such damages. It further argues that an award of punitive damages against it based on the conduct of Spradley could not be upheld because the evidence shows that it is not liable for Spradley's conduct since Spradley was an independent contractor, not an employee. The latter argument must fail since it has been determined that sufficient evidence was presented to submit to the jury the question of Penn's liability based on Spradley's conduct under agency principles. In addition, it is clear that in this state liability for punitive damages may be imposed on a principal based on the conduct of its agent. *See Hairston v. Greyhound Corp.*, 220 N.C. 642, 18 S.E. 2d 166 (1942).

As a general rule, punitive damages are recoverable only when the tortious conduct which causes the injury partakes of or is accompanied by some element of aggravation such as "fraud, malice, gross negligence, insult," or "when the wrong is done willfully, or under circumstances of rudeness or oppression, or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights." *Baker v. Winslow*, 184 N.C. 1, 113 S.E. 570

(1922). *See also Shugar v. Guill*, 304 N.C. 332, 283 S.E. 2d 507 (1981); *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976). As summarized by one noted commentator, punitive damages may be awarded only when the defendant commits the actionable legal wrong willfully (i.e., knowingly, intentionally and voluntarily), wantonly (i.e., in conscious and intentional disregard of and indifference to the rights and safety of the plaintiff), or maliciously (i.e., motivated by personal hatred, ill will or spite for the plaintiff). S. Ervin, Jr., *Punitive Damages In North Carolina*, 59 N.C. L. Rev. 1255 (1981). Punitive damages are awarded in addition to compensatory damages for the purpose of punishing the wrongdoer and deterring others from committing similar acts. *Shugar v. Guill, supra; Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976).

Punitive damages are recoverable not only for intentionally inflicted injuries but for negligently inflicted injuries as well when the tortfeasor's conduct is wanton or gross. *Mazza v. Medical Mut. Ins. Co.*, 311 N.C. 621, 319 S.E. 2d 217 (1984). In *Hinson v. Dawson*, 244 N.C. 23, 92 S.E. 2d 393 (1956), our Supreme Court explained that when the term "gross negligence" was referred to in the past as a basis for the recovery of punitive damages the term was used in the sense of wanton conduct. The Court further stated:

> Negligence, a failure to use due care, be it slight or extreme, connotes inadvertence. Wantonness, on the other hand, connotes intentional wrongdoing. Where malicious or wilful injury is not involved, wanton conduct must be alleged and shown to warrant the recovery of punitive damages. Conduct is wanton when in conscious and intentional disregard of and indifference to the rights and safety of others.

*Id.*

We note that this Court has recognized previously that punitive damages may be assessed against an insurer in appropriate circumstances. *See, e.g., Dailey v. Integon General Ins. Corp.*, --- N.C. App. ---, 331 S.E. 2d 148 (1985); *Payne v. N.C. Farm Bureau Mutual Ins. Co.*, 67 N.C. App. 692, 313 S.E. 2d 912 (1984).

Plaintiff argues that an award of punitive damages is justified in this case based on Penn's alleged violation of N.C. Gen. Stat. § 58-177(4) (1982). G.S. 58-177 provides:

No fire insurance company shall issue fire insurance policies . . . on property in this State other than those of the substance of the standard form as set forth in G.S. 58-176 except as follows:

. . .

(4) Binders or other contracts for temporary insurance may be made . . . for a period which shall not exceed 60 days . . . .

Plaintiff argues that the evidence shows that Penn routinely violated G.S. 58-177(4) by taking more than 60 days to pass upon applications for insurance and that Penn used its violation of the statute to escape contractual liability. Plaintiff further contends that Penn violated the statute either intentionally or wantonly, and that Penn's treatment of him was under circumstances of willfulness, insult, indignity, capriciousness, and oppression.

We find plaintiff's arguments unpersuasive. The evidence shows only that Penn negligently delayed in acting upon plaintiff's application for insurance. It does not show that Penn intentionally or wantonly delayed in acting upon the application, nor does it show that there was any other element of aggravation in or accompanying Penn's negligence. Thus, assuming *arguendo* that Penn's negligent failure to act timely upon plaintiff's application constituted a violation of G.S. 58-177(4), we find nothing in Penn's violation which justifies an award of punitive damages.

We further find no basis for an award of punitive damages in the conduct of Spradley. The evidence shows only that Spradley was negligent in his efforts to procure insurance for plaintiff. It does not show that Spradley intentionally, maliciously, or wantonly failed to effect insurance coverage for plaintiff, nor does it show any element of aggravation accompanying Spradley's negligence. We conclude that the conduct of both Penn and Spradley falls far short of that required to justify an award of punitive damages. Accordingly, we hold that the award of punitive damages for plaintiff and against Penn is not supported by the evidence and must be vacated.

[4] Penn next contends the court erred in admitting evidence relating to problems which Spradley allegedly had with Penn on unrelated insurance accounts. The evidence in question tends to

show that Spradley experienced problems or delays with other accounts he handled for Penn which were similar to the problems he had with Penn concerning plaintiff's application. Penn argues that the evidence was irrelevant to the issues in the case and that its admission constituted prejudicial error.

Evidence of similar occurrences may be admitted as relevant to the issue of negligence when substantial identity of circumstances and reasonable proximity in time are shown. 1 Brandis, *N.C. Evidence* § 89 (2d rev. ed. 1982). Where the circumstances of the occurrences are so dissimilar, however, that the evidence is without substantial value, the evidence should be excluded because the benefit of receiving it is outweighed by the harm resulting from possible confusion of the issues. *Id.*

The problems Spradley had with Penn on other accounts were shown to be sufficiently similar and close in time to the problems he had with Penn concerning plaintiff's application so as to justify admission of the evidence in question. The evidence was relevant on the issue of whether Penn was negligent by its actions and it does not appear that its probative value was outweighed by the danger of confusion of the issues. We therefore find no error in its admission.

[5] Penn contends the court erred in allowing plaintiff's attorney to read into evidence the first sentence of N.C. Gen. Stat. § 58-46 (1982). Penn argues that the statute was irrelevant, that it was taken out of context, and that its admission was prejudicial error. The first sentence of G.S. 58-46 provides that "[a]ny agent or broker who acts for a person other than himself negotiating a contract of insurance is, for the purpose of receiving the premium therefor, the company's agent . . . ." The evidence here tends to show that Spradley, acting on behalf of Penn and pursuant to the authority granted him by his written agreement with Penn, negotiated with plaintiff concerning a contract of insurance and accepted a premium from plaintiff for the desired contract. Thus, the first sentence of G.S. 58-46 appears to be relevant in this case on the issue of agency. We therefore find no error in its admission. Even assuming *arguendo* that the statute was irrelevant, we do not agree that its admission into evidence constituted prejudicial error.

The remaining portion of the statute which was not read into evidence sets forth a penalty to be imposed against an agent or broker who knowingly procures by fraudulent representations payment of an insurance premium. It was not necessary for this portion of the statute to be read for the jury to understand the first sentence of the statute and its relevance to the issues in this case. We therefore do not agree that the portion of the statute read to the jury was unfairly or improperly taken out of context.

[6] Penn next contends the court erred in granting Spradley's motion for a directed verdict on its crossclaim for indemnity. Penn argues that the jury could have found that Penn was not actively negligent but was vicariously liable for the negligence of its agent, Spradley, and that based on such findings it would have been entitled to indemnity from Spradley.

The general principles of indemnity have been set forth by our Supreme Court as follows:

> A cross-claim for indemnification may be asserted by one original defendant against another when it is based on allegations of primary liability arising by law in respect of plaintiff's claim as opposed to merely secondary liability thereon of the cross-claiming defendant, as in cases of active and merely passive negligence, or of direct and merely vicarious liability. . . . Where two persons are jointly liable in respect to a tort, one being liable because he is the active wrongdoer, the other by reason of constructive or technical fault imposed by law, the latter, if blameless as between himself and his co-tortfeasor, will ordinarily be allowed to recover full indemnity over against the actual wrongdoer. [Citations omitted.]

*Hildreth v. Casualty Co.*, 265 N.C. 565, 144 S.E. 2d 641 (1965). *See also Hendricks v. Fay, Inc.*, 273 N.C. 59, 159 S.E. 2d 362 (1968). There is, however, an established rule of exclusion which prevents application of the principles of indemnity and has been summarized as follows:

> Indemnity is not permitted where the indemnity seeker and the person against whom indemnity is sought breached substantially equal duties owed to the injured person. Where this occurs, the violations produce no great difference in

gravity of fault as between the joint tortfeasors, and both are on substantially the same plane of moral fault. Both parties being *in pari delicto*, neither will be held in law to be the principal wrongdoer, and therefore neither party will be required to relieve the other of the entire loss.

*Hayes v. Wilmington*, 243 N.C. 525, 91 S.E. 2d 673 (1956). *See also* 41 Am. Jur. 2d, Indemnity, § 21, p. 710.

By answering affirmatively to the first issue presented, the jury found that Penn was negligent by its own actions and thus that Penn was actively negligent. Since Penn was found to be actively negligent, it was *in pari delicto* with Spradley and was not entitled to indemnity from him. We conclude therefore that the court's error, if any, in failing to submit Penn's crossclaim to the jury was harmless.

In sum, we vacate that part of the judgment entered awarding punitive damages to plaintiff and affirm the remainder of the judgment.

Vacated in part; affirmed in part.

Chief Judge HEDRICK and Judge WEBB concur.