THE AMERICAN MARBLE CORPORATION v. RONALD LEE CRAWFORD, AND DEAN HUNTER, D/B/A QUALITY MARBLE COMPANY

No. 8623SC726

(Filed 20 January 1987)

1. **Master and Servant § 11.1; Unfair Competition § 1— covenant not to compete —unfair trade practices statutes inapplicable**

   The trial court properly dismissed defendant's counterclaim which alleged that a covenant not to compete, as used by plaintiff, was an unfair trade practice pursuant to N.C.G.S. § 75-1.1 *et seq.*, since employer-employee relationships do not fall within the intended scope of that statute.

2. **Master and Servant § 13— interference with employment contract—summary judgment improper**

   The trial court erred in granting summary judgment against defendant's claim for wrongful or malicious interference with contractual rights where defendant's evidence tended to establish that a valid contract existed between him and a third person; plaintiff had knowledge of such contract; plaintiff intentionally induced the third person not to perform his contract with defendant; plaintiff's acts caused defendant actual damages; and plaintiff acted without justification in that plaintiff was seeking to enforce a covenant not to compete from the parties' employment contract which was legally invalid as an unreasonable restraint of trade.

3. **Master and Servant § 12— interference with employee's obtaining other employment—punitive damages claimed—summary judgment improper**

   The trial court erred in entering summary judgment against defendant on his claim for punitive damages where the evidence tended to show that plaintiff had a "side agreement" with defendant employer to drop defendant employer from its suit for breach of a covenant not to compete in exchange for

defendant employer's promise not to rehire defendant employee; plaintiff obtained a preliminary injunction restraining defendant employee from working for defendant employer, but plaintiff never followed through on the injunction by posting the required bond; and the jury could thus reasonably infer willful, oppressive or reckless conduct in wanton disregard of defendant's rights warranting damages for the purpose of punishing plaintiff and deterring others from committing similar acts.

APPEAL by defendant Ronald Lee Crawford from *Hyatt, Judge.* Judgment entered 25 February 1986 in YADKIN County Superior Court. Heard in the Court of Appeals 11 December 1986.

Plaintiff American Marble Corporation is a corporation engaged in the manufacture and sale of cultured marble products. Defendant Ronald Lee Crawford began working as an employee for American Marble in January of 1984. Crawford signed an employment contract which included a covenant not to compete. In July 1984, Crawford voluntarily left American Marble and began working for defendant Dean Hunter d/b/a Quality Marble Company pursuant to an oral contract of employment.

American Marble brought this action against defendants on 8 August 1984 seeking *inter alia* to enjoin Crawford "from working for or engaging in any activity on behalf of, defendant, Dean Hunter. . . ." On the same day, the court granted American Marble's motion for a temporary restraining order restraining Crawford from working for Quality Marble. This order expired on 20 August 1984. The trial judge subsequently granted a preliminary injunction and required plaintiff to post a $12,000 bond pursuant to N.C. Gen. Stat. § 1A-1, Rule 65(c). Plaintiff failed to post the required bond, and a written preliminary injunction order was never proffered for signature.

According to the affidavit of N. Lawrence Hudspeth, III, attorney for Dean Hunter, Dean Hunter signed a consent order prior to 20 August 1984 whereby he "would be dropped from the case provided that he agree not to rehire Ronald Crawford, or any other former American Marble Corp. employees, at any time." Hudspeth "was led to believe that [American Marble] signed the consent order but found out some time later that [it] had declined to do so."

Defendant Crawford filed an answer which raised several counterclaims. By his first counterclaim, Crawford alleged that

the covenant not to compete constituted an unfair trade practice under N.C. Gen. Stat. § 75-1.1 and that he thus was entitled to treble damages and attorney's fees pursuant to G.S. § 75-16 *et seq*. Crawford also alleged in two additional counterclaims that American Marble wrongfully interfered with his contractual rights and that such interference entitled him to compensatory and punitive damages.

The court granted plaintiff American Marble's motion for summary judgment dismissing all of defendant Crawford's counterclaims. Plaintiff's action was tried before the trial court sitting without a jury. The court concluded that the covenant not to compete was an unreasonable restraint of trade and thus was invalid. Accordingly, it entered judgment for defendants.

Defendant Crawford appealed from the court's entry of summary judgment dismissing all of his counterclaims.

*White and Crumpler, by G. Edgar Parker, Robin J. Stinson and Christopher J. Beal, for plaintiff-appellee.*

*Legal Aid Society of Northwest North Carolina, Inc., by J. Griffin Morgan and Susan Gottsegen, for defendant-appellant Ronald Lee Crawford.*

WELLS, Judge.

Defendant Crawford (hereinafter defendant) contends that the court erred in entering summary judgment against his claim that plaintiff violated N.C. Gen. Stat. § 75-1.1 and that he thus was entitled to treble damages under G.S. § 75-16. We disagree.

[1]   Defendant's counterclaim alleged that the "covenant not to compete, as used by the plaintiff, is an unfair trade practice pursuant to [G.S.] § 75-1.1 *et seq*." We have held previously that "employer-employee relationships do not fall within the intended scope of G.S. § 75-1.1 . . . ." *Buie v. Daniel International*, 56 N.C. App. 445, 289 S.E. 2d 118, *disc. rev. denied*, 305 N.C. 759, 292 S.E. 2d 574 (1982). As defendant's counterclaim involves such a relationship, we hold, following *Buie*, that it lies outside the scope of G.S. § 75-1.1. Accordingly, we hold that the court did not err in entering summary judgment against this claim.

**[2]**   Defendant contends the court improperly entered summary judgment for plaintiff regarding his claim that plaintiff wrongfully interfered with his contractual rights. We agree.

In general,

> In order to prevail when moving for summary judgment, the moving party must establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law when all factual inferences arising from the evidence are taken in the light most favorable to the nonmoving party. *Speck v. North Carolina Dairy Foundation, Inc.,* 311 N.C. 679, 319 S.E. 2d 139 (1984).

*Uzzell v. Integon Life Ins. Corp.,* 78 N.C. App. 458, 337 S.E. 2d 639 (1985). One who procures the discharge of an employee by malicious or wanton interference may be liable to that employee in an action for damages. *See Smith v. Ford Motor Co.,* 289 N.C. 71, 221 S.E. 2d 282 (1976). *See also* 45 Am. Jur. 2d Interference § 47. To establish such a claim defendant must prove: (1) that a valid contract existed between him and a third person; (2) that plaintiff had knowledge of such contract; (3) that plaintiff intentionally induced the third person not to perform his contract with defendant; (4) that plaintiff acted without justification; and (5) that the outsider's acts caused the defendant actual damages. *Childress v. Abeles,* 240 N.C. 667, 84 S.E. 2d 176 (1954). The facts here, when viewed in the light most favorable to defendant, clearly establish the first three elements and the fifth element for defendant's action. The central question is whether there is a genuine issue of material fact as to the element of justification. *See Uzzell, supra.*

In general, " '[o]ne is privileged purposely to cause another not to perform a contract, or enter into or continue a business relation, with a third party by in good faith asserting or threatening to protect properly a legally protected interest of his own which he believes may otherwise be impaired or destroyed by the performance of the contract or transaction.' " *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971), *quoting* Restatement of Torts § 773. Further, the question of justification for procuring a breach of contract or interference with another's employment is ordinarily a question of fact for the jury. *See* Annot., 26 A.L.R. 2d 1227.

We hold that defendant has forecast sufficient evidence to establish that plaintiff acted without justification in that plaintiff was seeking to enforce a covenant not to compete from the parties' employment contract which was legally invalid as an unreasonable restraint of trade. Accordingly, we hold that the court erred in granting summary judgment against defendant's claim for wrongful or malicious interference with contractual rights.

Ordinarily, the issue, on remand, regarding the "without justification" element would be whether plaintiff's actions constituted a good faith assertion to protect a legally protected interest which plaintiff believed might otherwise be impaired or destroyed by the performance of defendant's employment contract with Dean Hunter. *See Kelly, supra.* However, as the parties have already fully litigated the question of the validity of the covenant not to compete in the determination of plaintiff's original action, plaintiff, on remand, will be collaterally estopped from contesting the fact that this covenant is legally invalid as an unreasonable restraint of trade. *See King v. Grindstaff*, 284 N.C. 348, 200 S.E. 2d 799 (1973). The remaining question for the "without justification" element on remand, then, will be as follows: Whether plaintiff, even though it was in fact not protecting a legally protected interest (since the covenant not to compete was invalid), still acted in the good faith belief that it was protecting a legally protected interest which it believed might otherwise be impaired or destroyed by the performance of defendant's employment contract with Dean Hunter.

Defendant contends that his second counterclaim also included a claim for recovery of damages pursuant to N.C. Gen. Stat. § 1A-1, Rule 65(e), and that the court erred in failing to conclude that he was entitled to such damages as a matter of law. Rule 65(e) provides that an order or judgment dissolving an injunction or restraining order may include an award of damages against the party procuring the injunction. Despite defendant's suggestion to the contrary, he does not expressly assert a claim for damages under Rule 65(e) in any of his counterclaims. The record also reveals no motion by defendant for such damages. We thus do not reach the merits of defendant's contention. We note instead that defendant may seek leave to amend his counterclaim pursuant to G.S. § 1A-1, Rule 15(a) to assert an additional claim for such damages.

**[3]** Defendant contends the court improperly entered summary judgment against his claim for punitive damages. We agree.

"As a general rule, punitive damages are recoverable only when the tortious conduct which causes the injury partakes of or is accompanied by some element of aggravation such as 'fraud, malice, gross negligence, insult,' or 'when the wrong is done willfully, or under circumstances of rudeness or oppression, or in a manner which evidences a reckless and wanton disregard of the plaintiff's rights.'" *Hornby v. Penn. Nat'l Mut. Casualty Ins. Co.,* 77 N.C. App. 475, 335 S.E. 2d 335 (1985), *disc. rev. denied,* 316 N.C. 193, 341 S.E. 2d 570 (1986), *quoting Baker v. Winslow,* 184 N.C. 1, 113 S.E. 570 (1922). "Punitive damages are awarded in addition to compensatory damages for the purpose of punishing the wrongdoer and deterring others from committing similar acts." *Id.*

We hold that the evidence here, viewed in the light most favorable to defendant, is sufficient to establish a claim for punitive damages. Specifically, from the evidence of plaintiff's "side agreement" with defendant Dean Hunter to drop Hunter from its suit in exchange for Hunter's promise not to rehire Crawford and the evidence that plaintiff did not follow through on its preliminary injunction by posting the required bond, a jury could find or reasonably infer willful, oppressive or reckless conduct in wanton disregard of defendant's rights warranting damages "for the purpose of punishing [plaintiff] and deterring others from committing similar acts." Accordingly, we hold that the court erred in entering summary judgment against defendant's claim for punitive damages.

Affirmed in part, reversed in part, and remanded.

Judges MARTIN and PARKER concur.