FRANCIS D. BUIE v. DANIEL INTERNATIONAL CORPORATION, D/B/A DANIEL CONSTRUCTION CO.

No. 8110SC494

(Filed 16 March 1982)

1. **Damages § 11.2; Master and Servant § 69—discharge for seeking workers' compensation benefits—no punitive damages**

No punitive damages may be recovered in an action based on an employee's discharge for seeking workers' compensation benefits since the

wording of G.S. 97-6.1(b) clearly limits recovery to damages "suffered by the employee" as a result of the employer's violation of the Act.

**2. Master and Servant § 69; Unfair Competition § 1— employee's discharge for seeking workers' compensation benefits—no treble damages**

In an action based on an employee's discharge for seeking workers' compensation benefits, the trial court correctly dismissed the employee's claim for treble damages for defendant's alleged unfair trade practices in violation of G.S. 75-1.1 since employer-employee relationships do not fall within the intended scope of G.S. 75-1.1.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 19 March 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 8 January 1982.

Plaintiff brought this action for damages resulting from his alleged harassment and dismissal by defendant employer following his work-related injury. Plaintiff contends that defendant's action was taken pursuant to a policy designed to discourage employees from exercising their right to workers' compensation benefits. The trial court granted defendants' N.C.R.C.P. 12(b)(6) motion to dismiss plaintiff's claims for punitive and treble damages. Plaintiff appeals from this dismissal.

*Sanford, Adams, McCullough & Beard, by Charles H. Montgomery, Catherine B. Arrowood and Renee J. Montgomery, for plaintiff appellant.*

*Thompson, Mann and Hutson, by George J. Oliver and Susan L. Hartzoge, for defendant appellee.*

ARNOLD, Judge.

[1] In this case we are called upon first to decide whether punitive damages may be recovered in an action based on an employee's discharge for seeking workers' compensation benefits.

Plaintiff argues that the trial court erred in granting defendants' motion to dismiss plaintiff's punitive damages claim, contending that N.C.G.S. 97-6.1 does not preclude an award of punitive damages. We disagree.

As plaintiff correctly points out, G.S. 97-6.1 was passed by the legislature in response to this Court's holding in *Dockery v. Table Co.*, 36 N.C. App. 293, 244 S.E. 2d 272 (1978). The *Dockery*

opinion stated that no private cause of action existed under North Carolina law for an employee's dismissal in retaliation for claiming workers' compensation benefits. The legislature expressly created such a right, with the passage of G.S. 97-6.1, in the next session of the General Assembly. However, the wording of the statute clearly limits recovery to damages "suffered by the employee" as a result of the employer's violation of the Workers' Compensation Act. G.S. 97-6.1(b).

Punitive damages, by their very nature, are not damages "suffered" by anyone. Rather, they are damages awarded to punish a wrongdoer, over and above the amount required to compensate for the injury. Whether, as plaintiff argues, the purpose of the Workers' Compensation Act would be better served by the threat of punitive damages for its violation is not for this Court to decide. We are bound by the wording of G.S. 97-6.1, and any amendment thereto is within the realm of the legislature.

[2] Plaintiff's second argument is that the trial court erred in dismissing his claim for treble damages for defendant's alleged unfair trade practices in violation of G.S. 75-1.1. In support of this argument, plaintiff correctly notes that the scope of the statute was expanded by amendment in 1977 to apply to unfair practices "in or affecting commerce," whereas the earlier version of the statute had set forth a more limited prohibition of "unfair or deceptive acts or practices in the conduct of any trade or commerce." Plaintiff contends that the more expansive language of the current statute is broad enough to encompass "all forms of business activities, including employment practices." We conclude otherwise.

The 1977 statutory amendment to which plaintiff refers was passed in direct response to our Supreme Court's ruling in *State ex rel. Edmisten v. J. C. Penney Co.*, 292 N.C. 311, 233 S.E. 2d 895 (1977). Overruling this Court, our Supreme Court, in *Penney*, held that G.S. 75-1.1 as then worded was so narrow in its application that financing practices pursuant to credit sales by a retail store were not included thereunder.

The Supreme Court's restrictive construction of the statute apparently had not been anticipated by the legislature. Indeed, the General Assembly acted immediately to amend the provision

so as to bring its application into line with the declaration of legislative intent which had accompanied its passage:

> The purpose of this section is to declare, and to provide civil legal means to maintain, ethical standards of dealings between persons engaged in business, and the consuming public within this State, to the end that good faith and dealings *between buyers and sellers* at all levels of commerce be had in this State. (Emphasis supplied.) *State ex rel. Edmisten v. J. C. Penney Co., supra*, at 316, 233 S.E. 2d 899.

Unlike buyer-seller relationships, we find that employer-employee relationships do not fall within the intended scope of G.S. 75-1.1, in spite of plaintiff's strained characterization of the latter as "sale of employment skills." Employment practices fall within the purview of other statutes adopted for that express purpose.

For the foregoing reasons, the order of the trial court dismissing plaintiff's claims for punitive damages and treble damages is

Affirmed.

Judges MARTIN (Harry C.) and WELLS concur.