SARA LEE CORPORATION v. STEPHEN DOWELL CARTER

No. 271PA98

(Filed 8 October 1999)

**1. Unfair Trade Practices— self-dealing by employee**

Defendant's fraudulent acts and breach of fiduciary duty by self-dealing business activities wherein he sold computer parts and services to his employer from companies owned by him without disclosing his interest in those companies constituted unfair or deceptive acts "in or affecting commerce" within the meaning of N.C.G.S. § 75-1.1(a). Defendant's mere employee status at the time he committed these acts does not safeguard him from liability under N.C.G.S. § 75-1.1.

**2. Workers' Compensation— constructive trust on benefits— employee's self-dealing**

Where defendant employee engaged in fraud, breach of fiduciary duty and deceptive acts or practices by his self-dealing business activities wherein he sold computer parts and services to plaintiff employer from companies owned by him without disclosing his interest in those companies, the language of N.C.G.S. § 97-21 declaring that workers' compensation benefits are "exempt from all claims of creditors" did not prohibit the trial court from imposing a constructive trust in favor of plaintiff on defendant's workers' compensation benefits, since the holder of beneficial title of a constructive trust is not a "creditor" within the meaning of that statute. Although the injury sustained by plaintiff was unrelated to defendant's fraudulent conduct, his employment, from which his right to compensation arises, was tainted in its entirety by the extensive fraudulent abuse of his

fiduciary relationship with plaintiff employer, and the trial court had the authority to determine that the financial benefit to which defendant was entitled under his workers' compensation claim should be placed in a constructive trust in favor of the employer whom he defrauded.

Justice FREEMAN did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 129 N.C. App. 464, 500 S.E.2d 732 (1998), affirming in part, vacating in part, and remanding a judgment entered by DeRamus, J., on 12 December 1996 in Superior Court, Forsyth County. Heard in the Supreme Court 8 February 1999.

*Kilpatrick Stockton LLP, by Daniel R. Taylor, Jr., and Louis W. Doherty, for plaintiff-appellant.*

*Elliot, Pishko, Gelbin & Morgan, P.A., by David C. Pishko, for defendant-appellee.*

ORR, Justice.

This action arises out of a suit brought by Sara Lee Corporation ("Sara Lee"), alleging, *inter alia*, that defendant, plaintiff's former employee, committed fraud, breach of fiduciary duty, and unfair and deceptive practices. The trial court ruled in plaintiff's favor and awarded Sara Lee $322,729.20 in damages for defendant's self-dealing and fraudulent conduct; $170,036.30 for salary and benefits that defendant received during his employment with Sara Lee; treble damages on both of these amounts pursuant to N.C.G.S. § 75-16; prejudgment interest; and Sara Lee's attorneys' fees and costs.

The record reflects the following events out of which this case arises.

Defendant worked as a "Service Manager" at ComputerLand in Winston-Salem, where he visited and serviced certain ComputerLand customers, including Sara Lee. In 1988, Mr. Gene Cain, defendant's contact at Sara Lee, approached defendant about servicing Sara Lee in an individual capacity. At that time, defendant was still employed by ComputerLand and, thus, initially declined this offer. However, at some point thereafter, defendant did perform the requested service work for Sara Lee.

SARA LEE CORP. v. CARTER

[351 N.C. 27 (1999)]

On 2 January 1989, Sara Lee hired defendant to work as an "Information Center Service Administrator" in the Sara Lee Knit Products Division. When defendant began working at Sara Lee, he signed a form indicating that he had received a copy of Sara Lee's code of conduct and that he would comply with the policies contained therein. Specifically, Sara Lee's code of conduct contained a provision prohibiting an employee from engaging in undisclosed self-dealing with another entity that supplied products or services to Sara Lee.

At Sara Lee, defendant was responsible for the maintenance and repair of personal computers. Defendant's job description specifically provided that he would "develop[] and maintain[] relationships with vendors to provide [Sara Lee Knit Products] with the best possible pricing, availability, and support of hardware and services." Defendant was authorized and entrusted to order and purchase computer parts at the lowest possible prices.

During his employment with Sara Lee, but unknown to his employer, defendant developed four separate businesses (referred to by the trial court as "the Carter Enterprises" and consisting of C Square Consulting, Computer Care, Micro Computer Services, and PC Technologies) through which he engaged in self-dealing by supplying Sara Lee with computer parts and services at allegedly excessive cost while concealing his interest in these businesses. Sara Lee paid a total of $495,431.54 to defendant's businesses for parts and services.

Separate from and unrelated to defendant's self-dealing enterprises, defendant suffered a closed head injury when he fell at work on 8 July 1992. He subsequently filed a workers' compensation claim with the Industrial Commission. On 25 September 1992, Sara Lee terminated defendant's employment. after investigating his self-dealing transactions. On 13 January 1993, the North Carolina Industrial Commission approved a Form 21 agreement for compensation for disability entered into by plaintiff Sara Lee and defendant. Pursuant to the Form 21 agreement, the parties stipulated that defendant sustained a closed head injury that arose out of and in the course of his employment and was, thus, disabled. Sara Lee agreed to pay temporary total disability benefits to defendant. The Industrial Commission conducted an evidentiary hearing on 20-21 May 1996 wherein Sara Lee asserted, in part, that the Commission should set aside the Form 21 award because of defendant's alleged misrepresentation or fraud. Sara Lee also submitted that it was "entitled to a credit for any bene-

fits paid and to be paid against any amount [defendant] is determined to owe [Sara Lee] in any criminal or civil proceeding." As of the date of the original appeal of this case before the Court of Appeals, the Industrial Commission had not issued a ruling regarding defendant's receipt of workers' compensation benefits.

After discovering defendant's fraudulent acts, plaintiff Sara Lee filed this action against defendant on 14 February 1995 in Superior Court, Forsyth County, alleging breach of fiduciary duty, fraud, constructive fraud, conversion, and unfair and deceptive practices. Plaintiff sought both compensatory and punitive damages, treble damages under N.C.G.S. § 75-1.1, the imposition of a constructive trust, and attorneys' fees.

After the presentation of extensive evidence, the trial court made findings that "[t]he transactions between Sara Lee and the Carter Enterprises were not open, fair and honest. In fact, the clear, cogent, and convincing evidence is, to the contrary, that [defendant] used his position of trust at Sara Lee to make profits on transactions involving the Carter Enterprises without disclosing his financial interest in the Carter Enterprises to his superiors at Sara Lee."

The Court of Appeals affirmed the trial court's conclusion that "[d]efendant breached his fiduciary duty by selling computer parts to Sara Lee without disclosing his interest in the companies supplying these parts." *Sara Lee Corp. v. Carter*, 129 N.C. App. 464, 471, 500 S.E.2d 732, 737 (1998). In addition, the trial court found that "[t]he representations made by [defendant] were false, intentional, made with the intent that they be relied upon by Sara Lee, were in fact relied upon by Sara Lee and resulted in damage and injury being sustained by Sara Lee." Thus, the trial court determined that Sara Lee sustained damages in the amount of $322,729.20 as a result of defendant's fraudulent acts.

In its judgment, the trial court concluded that defendant "engaged in actual fraud and unfair and deceptive trade practices prior to, and actual fraud, constructive fraud, breach of fiduciary duty and unfair and deceptive trade practices throughout, the time that he was employed by . . . Sara Lee Corporation from January 2, 1989 until September 25, 1992." In addition, the trial court concluded that defendant owed a fiduciary duty to Sara Lee with respect to his role in recommending the purchase and ordering of computer parts and related services for Sara Lee and that defendant breached that fiduciary duty and engaged in constructive fraud throughout the time that

SARA LEE CORP. v. CARTER

[351 N.C. 27 (1999)]

he was employed by Sara Lee. The trial court ordered that a constructive trust for the benefit of Sara Lee be imposed over any workers' compensation benefits that defendant receives or has received for the closed head injury.

The Court of Appeals affirmed the trial court's determination that defendant had breached his duty to plaintiff and had engaged in fraud against plaintiff, but held that defendant's conduct did not fall within the scope of unfair and deceptive acts or practices under chapter 75 of the North Carolina General Statutes (chapter 75) because defendant was an employee at the time he defrauded Sara Lee. In its reasoning, the Court of Appeals relied on the proposition articulated in *Buie v. Daniel Int'l Corp.*, 56 N.C. App. 445, 289 S.E.2d 118, *disc. rev. denied*, 305 N.C. 759, 292 S.E.2d 574 (1982), that "employer-employee relationships do not fall within the intended scope of G.S. 75-1.1." *Id.* at 448, 289 S.E.2d at 119-20. Thus, the Court of Appeals vacated the trial court's award of treble damages and attorneys' fees which were granted pursuant to chapter 75. Moreover, the Court of Appeals ruled that the provisions of N.C.G.S. § 97-21, which provide in part that workers' compensation benefits are "exempt from all claims of creditors," precluded the imposition of a constructive trust on defendant's workers' compensation benefits. N.C.G.S. § 97-21 (Supp. 1998).

In this appeal, plaintiff contends (1) that the Court of Appeals erred in not applying N.C.G.S. § 75-1.1 to defendant's conduct in this case even though an "employee" may have participated in the transactions, and (2) that the Court of Appeals misinterpreted the provisions of N.C.G.S. § 97-21 in holding that a constructive trust may not be imposed on workers' compensation benefits. We shall address each of these arguments in turn.

[1] Although the Court of Appeals' opinion addressed only the question of whether an employer-employee relationship removes the case from the scope of N.C.G.S. § 75-1.1, defendant's assignment of error to the Court of Appeals challenges the trial court's conclusion of law that N.C.G.S. § 75-1.1 applied to the defendant's acts at issue. Therefore, it is necessary for us to determine if defendant's fraudulent acts and his breach of fiduciary duty constitute unfair and deceptive acts or practices under N.C.G.S. § 75-1.1 (the Act), which provides, in pertinent part: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C.G.S. § 75-1.1(a) (1994). In analyzing an allegedly unfair and deceptive act or practice under the Act, we must first determine whether the act or practice

falls within the purview of section 75-1.1 as the legislature intended. Because defendant does not dispute the trial court's finding that his actions were fraudulent, defendant's acts were conclusively "unfair or deceptive." *See Hardy v. Toler*, 288 N.C. 303, 309, 218 S.E.2d 342, 346 (1975). Thus, in the present case, we must next decide whether the activities and transactions between defendant and Sara Lee giving rise to this cause of action were "in or affecting commerce." *See Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 266 S.E.2d 610 (1980).

In *Bhatti v. Buckland*, 328 N.C. 240, 400 S.E.2d 440 (1991), we quoted with approval a decision by our Court of Appeals: " 'The purpose of G.S. 75-1.1 is to provide a civil means to maintain ethical standards of dealings between persons engaged in business and the consuming public within this State[,] and [it] *applies to dealings between buyers and sellers at all levels of commerce.*' " *Id.* at 245, 400 S.E.2d at 443-44 (quoting *United Va. Bank v. Air-Lift Assocs.*, 79 N.C. App. 315, 319-20, 339 S.E.2d 90, 93 (1986)) (alterations in original). However, "we have not limited the applicability of N.C.G.S. § 75-1.1 to cases involving consumers only. After all, unfair trade practices involving only businesses affect the consumer as well." *United Labs., Inc. v. Kuykendall*, 322 N.C. 643, 665, 370 S.E.2d 375, 389 (1988) (citation omitted).

" 'Commerce' in its broadest sense comprehends intercourse for the purposes of trade in any form." *Johnson*, 300 N.C. at 261, 266 S.E.2d at 620. In the context of unfair and deceptive acts or practices, this Court has provided additional guidance by stating that " '[b]usiness activities' is a term which connotes the manner in which businesses conduct their regular, day-to-day activities, or affairs, such as the purchase and sale of goods, or whatever other activities the business regularly engages in and for which it is organized." *HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 594, 403 S.E.2d 483, 493 (1991).

Although the Act is subject to a reasonably broad interpretation in determining its scope, some exceptions have been carved out. For example, the Act provides that "[f]or purposes of this section, 'commerce' includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession." N.C.G.S. § 75-1.1(b).

In the case *sub judice*, defendant engaged in self-dealing business activities wherein he sold computer parts and services to his

**SARA LEE CORP. v. CARTER**

[351 N.C. 27 (1999)]

employer from companies owned by him. Moreover, the trial court found that "Sara Lee employees were not adequately and properly informed that [defendant] had any interest in or was receiving any payments from C Square Consulting, Computer Care, Micro Computer Services or PC Technologies ('Carter Enterprises') on an on-going basis."

The trial court specifically found that "[t]he parts sales and computer and cable service transactions between [plaintiff] and the Carter Enterprises were unethical and fraudulent, and they affected commerce," and that "[defendant's] self-dealing conduct and receipt of compensation and benefits from Sara Lee while engaged in this egregious breach of his fiduciary duty and fraud was unethical and fraudulent and affected commerce."

After thoroughly reviewing the record on appeal, we conclude that the transactions at issue were "in or affecting commerce" and thus fall within the scope of the Act. There is uncontradicted evidence in this case that defendant sold computer parts and services, through his various enterprises, to plaintiff. Trusting that these were legitimate transactions secured at competitive prices in the marketplace, plaintiff regularly conducted business with the companies in which defendant had an interest. In this case, defendant and plaintiff clearly engaged in buyer-seller relations in a business setting, and thus, we hold that defendant's fraudulent actions fall within the ambit of the statutory prohibition of unfair and deceptive acts or practices as determined by the trial court.

Having determined that defendant's conduct is covered by N.C.G.S. § 75-1.1, we must now consider whether the reasoning in *Buie* precludes the applicability of the Act to this case, as the Court of Appeals concluded. The facts of *Buie* are distinguishable from the facts at bar in that the plaintiff in *Buie* attempted to recover punitive damages under N.C.G.S. § 75-1.1 based on the allegedly retaliatory termination of plaintiff for his pursuit of workers' compensation benefits. *Buie*, 56 N.C. App. 445, 289 S.E.2d 118. The Court of Appeals held:

> Unlike buyer-seller relationships, we find that employer-employee relationships do not fall within the intended scope of G.S. 75-1.1 . . . . Employment practices fall within the purview of other statutes adopted for that express purpose.

*Id.* at 448, 289 S.E.2d at 119-20.

Although this Court is not bound by the decision in *Buie*, we find *Buie* neither applicable nor instructive in deciding the case before us. The Court of Appeals erred in relying on *Buie* and holding that because defendant was an employee at the time he committed the unfair and deceptive acts or practices, N.C.G.S. § 75-1.1 does not apply to this case. To the contrary, having already characterized defendant's conduct as buyer-seller transactions that fall squarely within the Act's intended reach, we conclude that defendant's relationship to plaintiff as an employee, under these facts, does not preclude applicability of N.C.G.S. § 75-1.1 to this case. Even though defendant was an employee, he nevertheless engaged in self-dealing conduct and "business activities." N.C.G.S. § 75-1.1(b). On these facts, defendant's mere employee status at the time he committed these acts does not safeguard him from liability under the Act. Therefore, because the trial court correctly applied N.C.G.S. § 75-1.1 to the facts at hand, we reverse the Court of Appeals on this issue.

[2] Turning to the second issue before this Court, plaintiff argues that the Court of Appeals misinterpreted N.C.G.S. § 97-21 in holding that the trial court could not impose a constructive trust on any workers' compensation benefits received by defendant. N.C.G.S. § 97-21 provides, in pertinent part:

> No claim for compensation under this Article shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors and from taxes.

N.C.G.S. § 97-21, para. 1 (Supp. 1998). The Court of Appeals reasoned that this statutory language precluded the court from using the equitable device of imposing a constructive trust on defendant's workers' compensation benefits. We disagree.

In this case, the overwhelming evidence presented at trial led the trial court to conclude, *inter alia*, that defendant engaged in fraud, breach of fiduciary duty, and unfair and deceptive acts or practices. The trial court then ordered that "a constructive trust for the benefit of [plaintiff] is hereby imposed over any and all workers['] compensation benefits that [defendant] is or shall be entitled to receive" and that "a constructive trust for the benefit of [plaintiff] is hereby imposed over any and all long term disability benefits that [defendant] is or shall be entitled to receive."

" 'A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired

in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.' " *Johnson v. Stevenson*, 269 N.C. 200, 203, 152 S.E.2d 214, 217 (1967) (quoting *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 386, 122 N.E. 378, 380 (1919) (Cardozo, J.)). "Courts of equity will impose a constructive trust to prevent the unjust enrichment of the holder of the legal title to property acquired through a breach of duty, fraud, or other circumstances which make it inequitable for him to retain it against the claim of the beneficiary of the constructive trust." *Cline v. Cline*, 297 N.C. 336, 343-44, 255 S.E.2d 399, 404 (1979). " '[A] constructive trust ordinarily arises out of the existence of fraud, actual or presumptive—usually involving the violation of a confidential or fiduciary relation—in view of which equity transfers the beneficial title to some person other than the holder of the legal title.' " *Leatherman v. Leatherman*, 297 N.C. 618, 621-22, 256 S.E.2d 793, 795-96 (1979) (quoting *Bowen v. Darden*, 241 N.C. 11, 13-14, 84 S.E.2d 289, 292 (1954)).

In this case, the Court of Appeals held that a constructive trust was not available because of the language of N.C.G.S. § 97-21 declaring that workers' compensation benefits are "exempt from all claims of creditors." However, we find that such language does not preclude the trial court from imposing the equitable remedy of a constructive trust to the specific facts of this case.

When interpreting the meaning of a statute, we must first look to the language of the statute itself. This Court has stated that " '[w]hen language used in the statute is clear and unambiguous, this Court must refrain from judicial construction and accord words undefined in the statute their plain and definite meaning.' " *Hieb v. Lowery*, 344 N.C. 403, 409, 474 S.E.2d 323, 327 (1996) (quoting *Poole v. Miller*, 342 N.C. 349, 351, 464 S.E.2d 409, 410 (1995)). Here, the plain language of the statute does not give rise to an interpretation exempting benefits from being held in a constructive trust. The statute merely provides that creditors may not reach the workers' compensation benefits. We do not consider plaintiff, a holder of beneficial title of a constructive trust, to be a "creditor" within the meaning of N.C.G.S. § 97-21. Had the legislature intended to exclude equitable processes from the statute, it would have said so; "the absence of any express intent and the strained interpretation necessary to reach the result urged upon us by [defendant] indicate that such was not [the legislature's] intent." *Sheffield v. Consolidated Foods Corp.*, 302 N.C. 403, 425, 276 S.E.2d 422, 436 (1981).

For example, in N.C.G.S. § 58-24-85, concerning general regulations of business and fraternal benefit societies, the legislature provided:

> No money or other benefit, charity, relief or aid to be paid, provided or rendered by any society, shall be liable to attachment, garnishment or other process, or to be seized, taken, appropriated or applied by *any legal or equitable process* or operation of law to pay any debt or liability of a member or beneficiary . . . .

N.C.G.S. § 58-24-85 (1994) (emphasis added). Thus, the legislature has drafted statutes expressly exempting equitable remedies from the powers of the court when that is its intention. The legislature did not do so in N.C.G.S. § 97-21. " 'Where the legislature has made no exception to the positive terms of a statute, the presumption is that it intended to make none, and it is a general rule of construction that the courts have no authority to create, and will not create, exceptions to the provisions of a statute not made by the act itself.' " *Upchurch v. Hudson Funeral Home, Inc.*, 263 N.C. 560, 565, 140 S.E.2d 17, 21 (1965) (quoting 50 Am. Jur. *Statutes* § 432, at 453 (1944)). Therefore, we hold that in the absence of clear and specific language precluding the trial court from imposing an equitable remedy, we will not assume that the legislature intended to do so.

We note, however, in reaching this result that the Industrial Commission, at least prior to this suit, had not decided whether to set aside the Form 21 agreement entered into by Sara Lee and defendant and approved by the Industrial Commission. Further, defendant argued before this Court that Sara Lee knew about defendant's fraudulent activities at the time it agreed to the Form 21 terms. However, under this extraordinary and unique set of facts, we cannot say that the trial court erred. Although the injury sustained by defendant was unrelated to his fraudulent conduct, his employment, from which his right to compensation arises, was tainted in its entirety by the extensive fraudulent abuse of his fiduciary relationship with his employer, Sara Lee. As such, the trial court had the authority to determine that the financial benefit to which defendant was entitled under his workers' compensation claim should be placed in a constructive trust for the benefit of the employer whom he defrauded.

It is a long-standing principle that "[w]hen equitable relief is sought, courts claim the power to grant, deny, limit, or shape that relief as a matter of discretion." *Roberts v. Madison County Realtors*

*Ass'n,* 344 N.C. 394, 399, 474 S.E.2d 783, 787 (1996). In the case *sub judice,* the trial court properly exercised its discretion in ordering that defendant's workers' compensation benefits be placed in a constructive trust for the benefit of plaintiff Sara Lee.

We therefore reverse the Court of Appeals' rulings.

REVERSED.

Justice FREEMAN did not participate in the consideration or decision of this case.