TIBER HOLDING CORPORATION, REGIS INSURANCE COMPANY, JANUS MAN-AGEMENT SERVICES AND CHARTER CAPITAL CORPORATION, PLAINTIFFS V. ANDREW P. DiLORETO, SUSAN S. DiLORETO, MICHAEL J. DiLORETO, AND CAMILLE A. DiLORETO, DEFENDANTS

No. COA04-1184

(Filed 7 June 2005)

**1. Appeal and Error— appealability—motion to amend answer**

　　The denial of a motion to file a supplemental answer was interlocutory and defendants' appeal of this issue was dismissed.

**2. Collateral Estoppel and Res Judicata— res judicata—fraudulent conveyance—constructive trust**

　　Actions for fraudulent conveyance and constructive trust have separate elements and, in this case, did not involve the same transfer of title. Summary judgment based on res judicata was correctly denied.

Appeal by Defendants from judgment entered 8 March 2004 by Judge William C. Griffin, Jr. in Superior Court, Currituck County. Heard in the Court of Appeals 10 May 2005.

*Poyner & Spruill LLP, by J. Nicholas Ellis and Gregory S. Camp, for plaintiff-appellees.*

*Hornthal, Riley, Ellis & Maland, L.L.P., by L.P. Hornthal, Jr., for defendant-appellants.*

WYNN, Judge.

"Under the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004). In this case, Defendants contend this action for constuctive trust is barred by *res judicata* due to an earlier judgment on fraudulent conveyance involving the same parties. Because the claims involved different elements and were based on different title transfers of the property, we affirm the trial court's holding that *res judicata* does not bar the claim for constructive trust.

　　This action commenced with the filing of a complaint on 3 April 1989, in which Plaintiffs (Tiber Holding Corporation, Regis Insurance

Company, Janus Management Services, and Charter Capital Corporation) alleged a constructive trust on property in Currituck County, North Carolina titled in the name of Defendant Michael J. DiLoreto. The Complaint alleged that the down payment for the property purchased in 1987, an amount in excess of $80,000.00, was derived from funds improperly diverted from Plaintiffs. Defendant Michael J. DiLoreto is a former director, officer, and shareholder of Plaintiffs. Before the filing of an Answer, on 26 July 1989, the parties entered into a Stipulation and Consent Order that stayed further proceedings in the action subject to determination of several pending actions between the parties in Pennsylvania.

On 21 April 1998, judgment was entered against Defendant Michael J. DiLoreto in the Pennsylvania actions in the aggregate amount of $1,826,733.00. Thereafter, Plaintiffs domesticated the judgment in that action in Currituck County (file no. 99 CVS 194).

On 30 September 1999, Plaintiffs filed another action against Defendants, alleging they had been damaged by a fraudulent transfer of certain property by DiLoreto to himself and his wife, Camille DiLoreto, as tenants by the entirety. That Complaint alleged that in April 1996, Plaintiffs had obtained a large monetary judgment against DiLoreto for wrongful conversion, fraud, and breach of fiduciary duty. On 21 November 1996, a date prior to the execution of this judgment, Mr. DiLoreto conveyed real property previously titled solely in his name to himself and his wife as tenants by the entirety. When that case went to trial, Mrs. DiLoreto testified that when the real property in question was bought in 1987, she believed herself to be a joint owner. It was only at a meeting with their attorney to discuss the preparation of wills in April 1996 that Mrs. DiLoreto discovered the property was titled only to her husband. According to Mrs. DiLoreto, her husband's subsequent conveyance of the property as tenancy by the entirety was a correction of this error. That trial resulted in a jury verdict and judgment in favor of Defendants on the fraudulent conveyance action. Upon appeal by Plaintiffs, this Court affirmed the judgment of the trial court. *Tiber Holding Corp. v. DiLoreto*, 160 N.C. App. 583, 586 S.E.2d 538 (2003).

On 2 August 2002, Plaintiffs gave notice to return the 1989 constructive trust case to active status, requiring Defendants (Andrew P. DiLoreto, Susan S. DiLoreto, Michael J. DiLoreto, and Camille DiLoreto) to serve responsive pleadings per the previous Stipulation and Consent Order. Defendants, Michael J. DiLoreto and his wife,

Camille DiLoreto ("the DiLoretos")[1], filed an Answer, which included the defense of *res judicata*. In December 2002, the DiLoretos filed a Motion to File Supplemental Answer and a Motion for Summary Judgment. From the trial court's denial of both motions, the DiLoretos appealed to this Court.

**[1]** On appeal, the DiLoretos first argue that the trial court erred in denying their Motion to File Supplemental Answer. However, under North Carolina law, orders denying a motion to amend pleadings are interlocutory and do not affect a substantial right.[2] *See Buchanan v. Rose*, 59 N.C. App. 351, 352, 296 S.E.2d 508, 509 (1982); *Funderburk v. Justice*, 25 N.C. App. 655, 656, 214 S.E.2d 310, 311 (1975). Moreover, the DiLoretos made no argument that the trial court's denial of their motion to amend the complaint affected a substantial right. Accordingly, we dismiss this assignment of error as interlocutory.

**[2]** The DiLoretos next argue that the trial court erred in denying their motion for summary judgment because this suit is barred by *res judicata* due to the judgment of the 1999 action for fraudulent conveyance.[3]

1. Defendants Andrew P. DiLoreto and Susan S. DiLoreto are not parties to this appeal.

2. An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all parties involved in the controversy. *See Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950); *Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002). Generally, there is no right to appeal from an interlocutory order. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2004); *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. But there are two instances where a party may appeal interlocutory orders: (1) when there has been a final determination as to one or more of the claims and the trial court certifies that there is no just reason to delay the appeal, and (2) if delaying the appeal would prejudice a substantial right. *See Liggett Group Inc. v. Sunas*, 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993).

Here, the trial court made no such certification. Thus, the DiLoretos are limited to the second route of appeal, namely where "the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). In such cases, we may review the appeal under sections 1-277(a) and 7A-27(d)(1) of the North Carolina General Statutes. *See id.* "The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party." *Flitt*, 149 N.C. App. at 477, 561 S.E.2d at 513.

3. Although interlocutory,

Denial of a summary judgment motion based on *res judicata* raises the possibility that a successful defendant will twice have to defend against the same claim

**TIBER HOLDING CORP. v. DiLORETO**

[170 N.C. App. 662 (2005)]

Summary judgment shall be rendered if "there is no genuine issue as to any material fact and . . . any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2004). On appeal, an order allowing summary judgment is reviewed *de novo*. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).

"Under the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Whitacre P'ship*, 358 N.C. at 15, 591 S.E.2d at 880; *Hales v. N.C. Ins. Guar. Ass'n*, 337 N.C. 329, 333, 445 S.E.2d 590, 594 (1994). "The doctrine prevents the relitigation of 'all matters . . . that were or should have been adjudicated in the prior action.' " *Whitacre P'ship*, 358 N.C. at 15, 591 S.E.2d at 880 (quoting *Thomas M. McInnis & Assocs. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986)). Therefore, for *res judicata* to apply, the DiLoretos would need to show that the 1999 suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both they and Plaintiffs either were parties or stand in privity with parties.

In this case, the 1999 suit resulted in a final judgment on the merits, and all parties are the same in the 1999 and 1989 suits. Therefore, only one question remains for us to decide concerning the applicability of the doctrine of *res judicata*: Was the 1999 fraudulent conveyance action the same as the current action for a constructive trust? We hold that the actions are not the same.

In deciding the appeal of the 1999 action, this Court restated the three separate principles under which a conveyance would be classified as fraudulent:

> (1) 'if the conveyance is voluntary, and the grantor did not retain property fully sufficient and available to pay his debts then existing'; (2) 'if the conveyance is voluntary and made with the actual intent upon the part of the grantor to defraud creditors, . . . although this fraudulent intent is not participated in by the grantee, and although property sufficient and available to pay

by the same plaintiff, in frustration of the underlying principles of claim preclusion. Thus, the denial of summary judgment based on the defense of *res judicata* can affect a substantial right and may be immediately appealed.

*Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993); *see Williams v. City of Jacksonville Police Dep't*, 165 N.C. App. 587, 589, 599 S.E.2d 422, 426 (2004). Therefore, the DiLoretos' appeal of their Motion for Summary Judgment is properly before this court.

existing debts is retained'; and (3) 'if the conveyance is upon a valuable consideration, but made with the actual intent to defraud creditors on the part of the *grantor*, participated in by the *grantee* or of which he has notice.'

*Tiber Holding Corp.*, 160 N.C. App. at 585, 586 S.E.2d at 539 (quoting *Aman v. Waller*, 165 N.C. 224, 227, 81 S.E. 162, 164 (1914)). This court affirmed the denial of the motion for a directed verdict. In the 1999 case, the jury found, as to principles one and two, that "Mr. DiLoreto did not intend to hinder, delay, or defraud his creditors and that he retained sufficient property to pay his creditors[]" when he transferred title of the property from his name to himself and his wife as tenants by the entirety. *Tiber Holding Corp.*, 160 N.C. App. at 586, 586 S.E.2d at 540.

The present appeal arises from Plaintiffs' claim of a constructive trust. Under North Carolina law, a constructive trust is imposed "to prevent the unjust enrichment of the holder of the legal title to property acquired through a breach of duty, fraud, or other circumstances which make it inequitable for him to retain it against the claim of the beneficiary of the constructive trust." *Sara Lee Corp. v. Carter*, 351 N.C. 27, 35, 519 S.E.2d 308, 313 (1999) (internal quotes omitted); *see Speight v. Branch Banking & Trust Co.*, 209 N.C. 563, 565-66, 183 S.E. 734, 735-36 (1936). "[A] constructive trust ordinarily arises out of the existence of fraud, actual or presumptive—usually involving the violation of a confidential or fiduciary relation—in view of which equity transfers the beneficial title to some person other than the holder of the legal title." *Sara Lee Corp.*, 351 N.C. at 35, 519 S.E.2d at 313 (citation omitted). To succeed in having a constructive trust imposed on the property, Plaintiffs must prove that Mr. DiLoreto acquired the property in 1987 by breach of fiduciary duty, fraud, or other inequitable circumstances.

Not only does a claim of fraudulent conveyance involve completely separate elements from a claim of constructive trust, the two actions do not involve the same transfer of title of the property. The 1999 action for fraudulent conveyance involves transfer of title from Mr. DiLoreto to himself and his wife as tenants by the entirety in 1996, while this action involves the original purchase of the property by Mr. DiLoreto in 1987. As this action is not the same as the 1999 action, we hold that this action is not barred by *res judicata. Thomas M. McInnis & Assocs.*, 318 N.C. at 428, 349 S.E.2d at 556.

The DiLoretos voluntarily abandoned their remaining assignments of error and did not argue them in their brief. N.C. R. App. P. 28(b)(6).

Accordingly, we affirm the trial court's denial of the motion for summary judgment and dismiss the assignment of error appealing the denial of the motion to amend the complaint.

Affirmed in part and dismissed in part.

Judges BRYANT and JACKSON concur.