SONGWOOYARN TRADING COMPANY, LTD. PLAINTIFF v. SOX ELEVEN, INC. AND UNG CHUL AHN, DEFENDANTS AND THIRD PARTY PLAINTIFFS v. JAE CHEOL SONG, THIRD PARTY DEFENDANT

No. COA10-939

(Filed 21 June 2011)

**1. Fraud— misrepresentation—justifiable reliance—sufficient allegation in complaint—sufficient factual support—motions for directed verdict and judgment notwithstanding verdict —properly denied**

The trial court did not err in a negligent misrepresentation case by denying defendant's motions for directed verdict and judgment notwithstanding the verdict. The complaint sufficiently alleged justifiable reliance and there was factual support for the jury to infer that plaintiff justifiably relied on defendant's misrepresentations.

**2. Unfair Trade Practices— in or affecting commerce—multiple companies—motions for directed verdict—judgment notwithstanding verdict—properly denied**

The trial court did not err in an unfair and deceptive trade practices case by denying defendant's motions for directed verdict and judgment notwithstanding the verdict. Because there were

multiple companies involved, including a North Carolina corporation, defendant's actions were "in or affecting commerce."

**3. Appeal and Error— issue not addressed—invited error**

Defendant's argument that the trial court erred by not submitting to the jury the issue of whether defendants' activities were egregious activities outside the scope of his employment was not addressed on appeal as any error was invited by defendant.

**4. Jurisdiction— standing—negligent misrepresentation—unfair trade practices—no certificate of authority needed —personal jurisdiction over defendant existed**

Plaintiff had standing to file a negligent misrepresentation and unfair trade practices lawsuit against defendant. Plaintiff was conducting business in interstate commerce and thus did not need a certificate of authority in North Carolina since personal jurisdiction existed over defendant because he was a resident of Mecklenburg County.

Appeal by Ung Chul Ahn from judgment entered 26 January 2010 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 January 2011.

*Rayburn Copper & Durham, PA, by Ross R. Fulton, Daniel J. Finegan, and Nader S. Raja, for Plaintiff-appellee.*

*Baucom Claytor Benton Morgan & Wood, PA, by M. Heath Gilbert, Jr., for Defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Defendant Ung Chul Ahn appeals the judgment entered 26 January 2010 against him in the amount of $1,022,041.00 for negligent misrepresentation and unfair or deceptive practices. For the reasons stated below, we affirm.

### I. Factual and Procedural Background

On 10 July 2008, SongWooYarn Trading Company, Ltd. ("Songwooyarn") filed a Complaint against Sox Eleven, Inc. ("Sox Eleven") and Ung Chul Ahn ("Ahn") alleging, in part, breach of contract, negligent misrepresentation, and unfair or deceptive practices[1]. Defendants Ahn and Sox Eleven timely filed an Answer denying these

---

1. The other allegations of the Complaint were either not submitted to the jury or not found by the jury and are not at issue in this appeal.

allegations and a counterclaim, along with a Third-Party Complaint against Jae Cheol Song ("Song") individually.[2] Defendants' Answer included an affirmative defense that Plaintiff's Complaint failed to state a claim under which relief can be granted.

On 4 November 2009, Defendant Ahn filed his Motion for Summary Judgment, which was denied. The trial began 14 December 2009. At trial, the evidence tended to show the following.

Songwooyarn is a South Korean company with its principal place of business in Seoul, South Korea. Songwooyarn sells socks and other spun yarns to wholesalers and distributors. Song is President and Chairman of the Board of Directors of Songwooyarn and owns more than ninety percent of its stock.

In 2002, Song and others formed Sox Eleven as a North Carolina corporation. Song served as President and Chairman of the Board of Directors of Sox Eleven and owned at least sixty percent of the stock of Sox Eleven. Sox Eleven was formed as an intermediary to sell socks to wholesalers in the United States, including a Tennessee company, Crescent Hosiery ("Crescent").

Song hired Ahn to manage the daily affairs of Sox Eleven at its office in Charlotte. Ahn acted as translator in communications between Songwooyarn and Crescent, as no one at Songwooyarn, including Song, could read, write, or speak fluent English.

Sox Eleven arranged for Crescent purchase orders to be forwarded to Songwooyarn. Based on these orders, Songwooyarn shipped the socks directly to Crescent and billed Sox Eleven. Sox Eleven then billed Crescent and received payment from Crescent. When paid, Sox Eleven forwarded the invoiced amount, minus shipping and taxes, to Songwooyarn.

Songwooyarn wired a monthly payment to Sox Eleven for Ahn's salary and operating expenses, including utilities. The initial payments were $5000 per month, which was later increased to $7000. Song testified that Ahn's salary was to be taken out of these payments, with the remainder to be used for Sox Eleven expenses.

Song testified Ahn's gross salary was $3000 per month initially and was later raised to $3500. Although Sox Eleven had its own bank

---

2. With Defendant Ahn's consent, the Third-Party Complaint against Song was dismissed. Defendant Ahn's counterclaim against Songwooyarn was submitted to the jury, but not found by the jury. Neither of these is at issue in this appeal.

accounts, which had been jointly established by Ahn and Song, the payments from Songwooyarn were not wired into this account, but instead, at Ahn's request, were wired into an account held by Ahn's mother. In addition to his monthly salary, Ahn received commissions from Songwooyarn that were not a part of the monthly payments to Sox Eleven.

In Spring 2007, Songwooyarn did not receive payment from Sox Eleven for a shipment of socks sent to Crescent. In May 2007, Song visited the United States to review his business affairs. When Song attempted to inspect Sox Eleven's bank account, the bank did not allow him access, because Ahn had unilaterally removed Song's name from the Sox Eleven bank account.

Subsequently, Song fired Ahn verbally and confirmed the termination in an email on 4 June 2007. Songwooyarn never received payment in full for the Spring 2007 shipment of socks. In June 2007, Song filed Articles of Dissolution for Sox Eleven.

At the close of Plaintiff's evidence, Defendants moved for directed verdict, which was denied. Ahn testified that the entire payment from Songwooyarn to Sox Eleven was his salary. Ahn also testified that he removed Song's name from the Sox Eleven bank account after receiving tax advice and that he had explained this to Song. Defendants renewed their motion for directed verdict at the close of all the evidence. These motions were denied.

The judge instructed the jury on breach of contract, negligent misrepresentation, and unfair or deceptive practices. The jury found that Sox Eleven breached its contract for the sale and purchase of manufactured socks from Songwooyarn by nonperformance in the amount of $164,318.32. That judgment has not been appealed. The jury found that Ahn engaged in negligent misrepresentation and awarded damages of $1.00.

In addition to the jury instructions, the judge also submitted a series of special verdict interrogatories on unfair or deceptive practices to the jury. The questions and the jury's responses are as follows:

12. Was the defendant Kevin Ahn an independent contractor doing business with the Plaintiff or was the defendant Kevin Ahn an employee of the Plaintiff? (You will answer this issue no matter what answers have been given to previous issues.)

Answer: [Jury wrote:] Employee

SONGWOOYARN TRADING CO., LTD. v. SOX ELEVEN, INC.

[213 N.C. App. 49 (2011)]

13. "Did the defendant do at least one of the following:

The defendant Ahn deceived the plaintiff by representing that payment received from Crescent would be paid by Sox Eleven to the Plaintiff.

Answer: [Jury wrote:]—

The defendant Ahn deceived the plaintiff about the use of the funds wire transferred from the plaintiff to defendant Ahn.

Answer: [Jury wrote:] Yes

14. "Was the defendant Kevin Ahn's conduct in commerce or did it affect commerce?" (You will answer this issue only if you have answered either or both of the parts of Issue 13 "Yes" in favor of the Plaintiff.)

Answer: [Jury wrote:] Yes

15. "Was the defendant Ahn's conduct a proximate cause of the injury to the plaintiff's business?" (You will answer this issue only if you have answered Issue 14 "Yes," in favor of the Plaintiff.)

Answer: [Jury wrote:] Yes

16. "In what amount has the business of the plaintiff been injured?" (You will answer this issue only if you have answered Issue 15 "Yes," in favor of the Plaintiff.)

Answer: [Jury wrote:] $340,680.00

Based upon these special interrogatories, the trial court trebled the damages found by the jury for unfair or deceptive practices to $1,022,040.00 and ordered Ahn to pay $135,981.25 in attorney's fees. Defendants moved for judgment notwithstanding the verdict, which was denied.

Defendant Ahn appeals the denials of his motions for summary judgment, directed verdict, and judgment notwithstanding the verdict on negligent misrepresentation and unfair or deceptive practices.[3] Ahn also appeals the trial court's conclusion of law that his acts were unfair or deceptive.

---

3. We do not address Defendant Ahn's argument as to the trial court's denial of Defendants' Motion for Summary Judgment, as "[i]mproper denial of a motion for summary judgment is not reversible error when the case has proceeded to trial and has been determined on the merits by the trier of the facts, either judge or jury." *Harris v. Walden,* 314 N.C. 284, 286, 333 S.E.2d 254, 256 (1985).

## II. Standards of Review

Motions for directed verdict and judgment notwithstanding the verdict are examined to determine whether the evidence is sufficient for the case to be submitted to the jury. *See Nelson v. Novant Health Triad Region, L.L.C.*, 159 N.C. App. 440, 442, 583 S.E.2d 415, 417 (2003) ("The standard of review for a directed verdict is essentially the same as that for summary judgment. . . . whether there is sufficient evidence to sustain a jury verdict in the non-moving party's favor, or to present a question for the jury."); *Whitaker v. Akers*, 137 N.C. App. 274, 277, 527 S.E.2d 721, 724 (2000) ("On appeal our standard of review for a judgment notwithstanding the verdict is the same as that for a directed verdict; that is, whether the evidence was sufficient to go to the jury." (citation omitted)). We review the trial court's denial of these motions *de novo. Herring v. Food Lion, LLC*, 175 N.C. App. 22, 26, 623 S.E.2d 281, 284 (2005).

We review the trial court's conclusion of law on unfair or deceptive practices *de novo. Humphries v. City of Jacksonville*, 300 N.C. 186, 187, 265 S.E.2d 189, 190 (1980).

## III. Argument

### A. Negligent Misrepresentation

[1] Defendant contends Plaintiff's claim for negligent misrepresentation lacks both an allegation in the Complaint and evidence at trial of essential facts. First, he contends that the Complaint lacks allegations that Plaintiff was denied the opportunity to investigate Ahn's misrepresentation or that such misrepresentation could not have been discovered by reasonable diligence. Further, Defendant argues Plaintiff lacked evidentiary support to meet its burden of showing reasonable reliance at trial.

"The tort of negligent misrepresentation occurs when a party [1] justifiably relies [2] to his detriment [3] on information prepared without reasonable care [4] by one who owed the relying party a duty of care." *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988). If the plaintiff " 'could have discovered the truth upon inquiry, the complaint must allege that he was denied the opportunity to investigate or that he could not have learned the true facts by exercise of reasonable diligence.' " *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 59, 554 S.E.2d 840, 846 (2001) (quoting *Hudson-Cole Development Corp. v. Beemer*, 132 N.C. App. 341, 346, 511 S.E.2d 309, 313 (1999)).

Here, the evidence supported either an employer-employee relationship (which the jury found) or an agency relationship. In either event, the relationship is a fiduciary relationship where special trust is placed in one. Even absent such a relationship, " '[t]he law does not require a prudent man to deal with everyone as a rascal.' " *Johnson v. Owens*, 263 N.C. 754, 758, 140 S.E.2d 311, 314 (1965) (quoting *Gray v. Jenkins*, 151 N.C. 80, 80, 65 S.E. 644, 645 (1909)). A plaintiff is not barred from recovery because he had a lesser opportunity to investigate representations made by someone with superior knowledge. *See Phelps-Dickson Builders, L.L.C. v. Amerimann Partners*, 172 N.C. App. 427, 438, 617 S.E.2d 664, 671 (2005).

The Complaint alleges, "Because the officers of SongWooYarn were not fluent in English, SongWooYarn reposed special trust in Ahn and relied on his communications on their behalf with the Third Party." Songwooyarn could not discover a misrepresentation, as the only person Songwooyarn could communicate with who had the information needed was also the party making the misrepresentation. Following the general rule that "the complaint is to be liberally construed," we find the Complaint sufficiently alleged justifiable reliance. *Meyer v. Walls*, 347 N.C. 97, 111-12, 489 S.E.2d 880, 888 (1997) ("[T]he trial court should not dismiss the complaint unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." (citations and internal quotation marks omitted)).

The question of whether reliance was justifiable is a jury question, " 'unless the facts are so clear as to permit only one conclusion.' " *Marcus Bros. Textiles, Inc. v. Price Waterhouse, LLP*, 350 N.C. 214, 225, 513 S.E.2d 320, 327 (1999) (quoting Restatement (Second) of Torts § 552 cmt. e).

Songwooyarn did not have the opportunity to investigate Ahn's representations until Song traveled to N.C., and when Song discovered that he did not have access to the bank account, he fired Ahn. When Song became suspicious of Ahn's activities, he did not know who to ask for more information. Song attempted to access the Sox Eleven bank account, but could not, since Ahn had removed his name from the account. Ahn now claims he would have produced the books and records for Sox Eleven if Songwooyarn had requested them. This claim is disingenuous in light of his actions. *See Kindred of N. Carolina, Inc. v. Bond*, 160 N.C. App. 90, 99, 584 S.E.2d 846, 852 (2003). Viewing the evidence in the light most favorable to Plaintiff,

we find factual support for the jury to infer that Songwooyarn justifiably relied on Defendant Ahn's misrepresentations.

## B. Unfair and Deceptive Practices

### 1. "In or Affecting Commerce"

**[2]** Defendant Ahn argues that his activities were not "in or affecting commerce," and as such were not unfair or deceptive practices under the statute.

Whether an act is an unfair or deceptive practice is a question of law for the court. *Gray v. N. Carolina Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000). The jury finds the facts of the case, and the trial court, based on those findings, determines as a matter of law whether there were unfair or deceptive practices in or affecting commerce. *Id.* We review *de novo* the trial court's conclusion of law that Defendant Ahn engaged in unfair or deceptive practices in or affecting commerce.[4]

Section 75-1.1 of our General Statutes prohibits "unfair or deceptive acts or practices in or affecting commerce." N.C. Gen. Stat. § 75-1.1(a) (2009). "Commerce" is defined as including "all business activities, however denominated, but does not include professional services rendered by a member of a learned profession." N.C. Gen. Stat. § 75-1.1(b).

Our Supreme Court has found unfair or deceptive acts even where an employer-employee relationship exists if the activities of the defendant are in or affecting commerce. *See Sara Lee Corp. v. Carter*, 351 N.C. 27, 519 S.E.2d 308 (1999). In *Sara Lee Corp.*, our Supreme Court found that the defendant-employee committed an unfair or deceptive act against the plaintiff-employer when he engaged in self-dealing by having the plaintiff purchase goods at a higher price from companies in which the defendant had an interest. *Id.* at 34, 519 S.E.2d at 312. In *Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 710-11 (2001), our Supreme Court clarified that *Sara Lee Corp.* allowed for recovery where the employee's actions "(1) involved egregious activities outside the scope of his assigned employment

---

4. While the issue of whether the defendant's acts were in or affecting commerce, a question of law, was submitted to the jury in this case, this was not inappropriate. *Mapp v. Toyota World, Inc.*, 81 N.C. App. 421, 425, 344 S.E.2d 297, 300 (1986) ("The only such 'issue' answered by the jury was whether defendant's misrepresentations to plaintiff were conduct in commerce or affecting commerce, which was appropriate. The jury's answer to this issue in plaintiff's favor was unquestionably supported by the evidence.").

duties, and (2) otherwise qualified as unfair or deceptive practices that were in or affecting commerce."

We agree with Songwooyarn that in the present case, as in *Sara Lee*, Defendant Ahn engaged in self-dealing, and his status as an employee of Songwooyarn does not bar a claim against him for unfair or deceptive acts or practices. Although Songwooyarn and Sox Eleven had the same majority shareholder, they were distinct corporate entities. Songwooyarn is a Korean company located in South Korea. Sox Eleven was a North Carolina corporation. Sox Eleven was not organized as a subsidiary of Songwooyarn. Defendant Ahn received money from Songwooyarn that was to be used not only for his salary, but for the operating expenses of Sox Eleven. By misappropriating those funds, Defendant Ahn interrupted the commercial relationship between Songwooyarn and Sox Eleven. Because there are multiple companies, including a North Carolina corporation, involved, we conclude that Ahn's actions were "in or affecting commerce" and constituted unfair or deceptive acts or practices.

## 2. Egregious Activities Outside the Scope of Employment

[3] Defendant Ahn next argues that the trial court erred by not submitting to the jury the issue of whether Defendant Ahn's activities were egregious activities outside the scope of his employment. The trial court instructed the jury to determine whether Defendant Ahn was an employee of Songwooyarn, and then the judge determined whether Ahn's acts were egregious and outside the scope of employment. Defendant may not raise this issue on appeal, as any error would be an invited error.

Defendant argued at trial that whether Defendant Ahn's actions were outside the scope of his employment was a question of law for the court. The trial judge stated:

Well, for me a question is is it a matter of law for the Court to determine as to whether or not the employee's activities were outside the scope of its assigned employment duties or is that for the jury to determine. . . . So in order to decide whether or not this one meets the Sara Lee test is that a matter of law for the Court or is that a matter for the jury?

In response to this question, Defendant answered, "I would argue it's a matter of law for the Court." Plaintiff argued that it was an issue for the jury, and Defendant again argued that it was a matter of law for the court. Although the parties jointly offered a special interroga-

tory which would have submitted this issue to the jury, when that interrogatory was turned down by the trial court, Defendant said, "That sounds a lot better to me."

"A party may not complain of action which he induced." *Frugard v. Pritchard*, 338 N.C. 508, 512, 450 S.E.2d 744, 746 (1994). Defendant repeatedly argued at trial for the result which he now assigns as error.

## C. Standing—Business Transaction and Choice of Law

[4] Defendant Ahn also argues that Songwooyarn did not have standing because (1) it was not registered to transact business in North Carolina and (2) there was no personal jurisdiction under section 17-5.4 of our General Statutes. We disagree.

Section 55-15-02 prohibits any foreign corporation transacting business in North Carolina from filing a lawsuit unless that foreign corporation has obtained a certificate of authority prior to trial. N.C. Gen. Stat. § 55-15-02(a) (2009). Defendant Ahn asserts that this provision precludes Songwooyarn's claims, as Songwooyarn did not have a certificate of authority.

Section 55-15-01(b) provides a list of activities that are not considered "transacting business," including "[s]oliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this State before becoming binding contracts" and "[t]ransacting business in interstate commerce." N.C. Gen. Stat. § 55-15-01(b)(5)&(8) (2009). Although Songwooyarn contracted with Sox Eleven, a North Carolina corporation, all of its contracts were dependent on acceptance "without this State" by Crescent in Tennessee. Songwooyarn was conducting business in interstate commerce and thus did not need a certificate of authority in North Carolina.

Defendant Ahn also argues there was no personal jurisdiction because section 1-75.4(4) does not apply. We do not address this issue, as personal jurisdiction exists over Defendant Ahn because he was a resident of Mecklenburg County. *See* N.C. Gen. Stat. § 1-75.4(1) (2009) (granting personal jurisdiction "[i]n any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party . . . [i]s a natural person domiciled within this State"). There is personal jurisdiction over Ahn, a resident of this State.

## IV. Conclusion

We find no error in the trial court's rulings on negligent misrepresentation and unfair or deceptive practices, and conclude Defendant invited any alleged error regarding whether the jury should have decided if Defendant's actions were egregious and outside the scope of his employment.

Affirmed.

Judges CALABRIA and STROUD concur.