Kane v. Moore, 2018 NCBC 124.

| | |
|---|---|
| STATE OF NORTH CAROLINA<br><br>WAKE COUNTY | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>17-CVS-13761 |

| | |
|---|---|
| JOHN McCORMICK KANE, MICHAEL PATRICK O'DONNELL, and SKELTON & ASSOCIATES, LP, derivatively on behalf of LOOKOUT CAPITAL, LLC, LOOKOUT CAPITAL BETA INVESTMENT, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM M. MOORE, W. MERRETTE MOORE, and TIDEWATER EQUITY PARTNERS, LLC, <br><br> Defendants, <br> and <br><br> LOOKOUT CAPITAL, LLC, LOOKOUT CAPITAL BETA INVESTMENT, LLC, et al., <br><br> Nominal Defendants. | **ORDER AND OPINION ON DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(6)** |

THIS MATTER comes before the Court on Defendants William M. Moore's ("Bill Moore") and W. Merrette Moore's ("Merrette Moore") Motion to Dismiss Verified Amended Derivative Complaint Under Rule 12(b)(6) ("Moores' Motion", ECF No. 42) and on Defendant Tidewater Equity Partners, LLC's ("Tidewater") Partial Motion to Dismiss Amended Complaint Under Rule 12(b)(6) ("Tidewater's Motion", ECF No. 44) (collectively, Moores' Motion and Tidewater's Motion are "the Motions").

THE COURT, having considered the Motions, the briefs filed in support of and in opposition to the Motions, the arguments of counsel at the hearing, and other

appropriate matters of record, CONCLUDES that the Motions should be GRANTED, in part, and DENIED as moot, in part, in the manner and for the reasons set forth below.

> *Ellis & Winters LLP, by Paul K. Sun and Kelly M. Dagger, for Plaintiff Michael Patrick O'Donnell.*
>
> *Ward and Smith, P.A., by Gary J. Rickner and Marla S. Bowman for Defendants William M. Moore and W. Merrette Moore.*
>
> *Parry Tyndall White, by K. Alan Parry and Michelle M. Walker for Defendant Tidewater Equity Partners, LLC.*

McGuire, Judge.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

1.      The Court previously provided a thorough statement of facts related to this matter in its Order and Opinion on Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) ("Rule 12(b)(1) Order"). (ECF No. 71; *Kane v. Moore*, 2018 NCBC LEXIS 157 (N.C. Super. Ct. Nov. 26, 2018).)   The Court recites herein only those facts necessary for the disposition of the Motions.   All facts are drawn from the Verified Amended Derivative Complaint. ("VADC", ECF No. 36.)

2.      This lawsuit arises out of disputes between former Plaintiffs John McCormick Kane ("Kane") and Skelton & Associates, LP ("Skelton")[1], and remaining Plaintiff Michael Patrick O'Donnell ("O'Donnell" or "Plaintiff") (together, Kane, Skelton and O'Donnell are referred to as "the Original Plaintiffs"); and William and Merrette Moore arising from their business relationships as members of Nominal

---

[1] As discussed more fully below, the Court dismissed all derivative claims brought by Kane and Skelton in the Rule 12(b)(1) Order.

Defendant Lookout Capital, LLC ("Lookout"). Lookout is a private equity firm operating in North Carolina. Bill Moore and Merrette Moore (collectively, Bill Moore and Merrette Moore are referred to as "the Moores") formed Lookout as a Delaware limited liability company on March 10, 2010. The Moores were the sole managers of Lookout.

3. Lookout identified potential investment opportunities for its members, and then allowed members to decide whether to "opt in" or "opt out" of each proposed investment presented by Lookout. Lookout itself did not invest in any of the investment opportunities it found for its members. Once Lookout committed to a particular investment opportunity, it created a separate North Carolina limited liability company exclusively for the purpose of collecting the Lookout members' investment funds and purchasing and retaining the ownership interest in the associated business. Former Nominal Defendants Beta Investment, LLC; LC Gamma, LLC; LC Delta Investment, LLC; LC Epsilon Investment, LLC; LC Eta Investment, I, LLC; LC Theta Investment, LLC; LC Theta Investment II, LLC; and LC Capitola Investment, LLC (collectively the "Investment Entities") are the limited liability companies formed to facilitate the separate investments.[2] In addition to being members in Lookout, each of the Original Plaintiffs invested in some of the Investment Entities (together, Lookout and the Investment Entities are called "the Nominal Defendants").

---

[2] As discussed more fully below, the Court dismissed all derivative claims purportedly brought on behalf of the Investment Entities in the Rule 12(b)(1) Order.

4.    In or around May 2016, while he was still serving as a manager of Lookout, Merrette Moore formed Tidewater, a North Carolina limited liability company. The Moores are members of Tidewater and Merrette Moore is the manager. Plaintiff alleges that Tidewater competes with Lookout in the North Carolina private equity market. Plaintiff further alleges that Merrette Moores' "management and control of both Lookout and Tidewater constitutes a conflict of interest" and "a violation of Lookout's Operating Agreement." (ECF 36, at ¶ 93.) Plaintiff further alleges that Merrette Moore, with Bill Moore's knowledge and consent, has breached fiduciary duties to Lookout and breached the Lookout Operating Agreement by usurping and diverting corporate opportunities from Lookout to Tidewater, and by damaging Lookout's business reputation. (*Id*. at ¶¶ 93–94, 104–05, 110, 131–35.)

5.    Plaintiff also alleges, *inter alia*, that the Moores, and particularly Merrette Moore mismanaged Lookout, breached Lookout's Operating Agreement, breached fiduciary duties owed to Lookout (ECF No. 36, at ¶¶ 136–41, 154–76), and mismanaged and breached fiduciary duties owed to the Investment Entities. (*Id*. at ¶¶ 142–53.)

6.    The VADC was filed on March 7, 2018. In the VADC, the Original Plaintiffs made claims derivatively on behalf of the Nominal Defendants against the Moores for: breach of fiduciary duty under 6 Del. C. § 18-1104 (ECF No. 36, at ¶¶ 177–85); breach of operating agreement under 6 Del. C. § 18-101 (*Id*. at ¶¶ 186–91); breach of implied covenant of good faith and fair dealing (*Id*. at ¶¶ 192–98); and waste of corporate assets (*Id*. at ¶¶ 209–16). The Original Plaintiffs made claims derivatively

on behalf of the Nominal Defendants against Tidewater for: aiding and abetting breach of fiduciary duty (*Id.* at ¶¶ 199–208); tortious interference with contract (*Id.* at ¶¶ 217–27); and tortious interference with prospective economic advantage (*Id.* at ¶¶ 228–36). The Original Plaintiffs made claims derivatively on behalf of the Nominal Defendants against both the Moores and Tidewater for unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1 ("UDTPA") (hereinafter the North Carolina General Statutes are referred to as "G.S.") (*Id.* at ¶¶ 237–45). Finally, the Original Plaintiffs made claims derivatively on behalf of the Nominal Defendants against Merrette Moore and Tidewater for unjust enrichment. (*Id.* at ¶¶ 246–57.)

7. On April 9, 2018, Defendants filed a Rule 12(b)(1) Motion to Dismiss Verified Amended Complaint. ("Rule 12(b)(1) Motion", ECF No. 40.) The Rule 12(b)(1) Motion sought dismissal of all claims against the Moores and Tidewater on the grounds that the Original Plaintiffs lacked standing to pursue derivative claims on behalf of the Nominal Defendants. The Parties fully briefed the Rule 12(b)(1) Motion.

8. On April 9, 2018, the Moores also filed the Moores' Motion. The Moores' Motion seeks (a) dismissal of the derivative claims brought by the Original Plaintiffs on behalf of the Investment Entities, under Rule 12(b)(6), on the grounds that the Original Plaintiffs lack standing to pursue derivative claims on behalf of the Investment Entities, (ECF No. 42, at pp. 2–4), and (b) dismissal of the derivative claim brought by the Original Plaintiffs on behalf of Lookout for violation of the UDTPA for failure to state a claim for relief. (*Id.*) The Moores filed an accompanying

Brief in Support of the Moores' Motion (ECF No. 43.)  The Original Plaintiffs filed a Brief in Opposition to the Moores' Motion, (ECF No. 50), and the Moores filed a Reply Brief in Support of the Moores' Motion.  (ECF No. 55.)

9.    On April 9, 2018, Tidewater filed Tidewater's Motion.  Tidewater's Motion seeks (a) dismissal of derivative claims brought on behalf of the Investment Entities, under Rule 12(b)(6), on the grounds that the Original Plaintiffs lacked standing to pursue  derivative claims on behalf of the Investment Entities, (ECF No. 44, at p. 2), (b) dismissal of the derivative claims brought on behalf of the Investment Entities under Rule 12(b)(6) for tortious interference with contract, tortious interference with prospective economic advantage, and unjust enrichment  for failure to state a claim for relief, and (c) dismissal of the Original Plaintiffs' derivative claims on behalf of Lookout for aiding and abetting breach of fiduciary duty and for violation of the UDTPA.  (*Id*.) Tidewater filed an accompanying Brief in Support of Tidewater's Motion.  (ECF No. 45.)   The Original Plaintiffs filed a Brief in Opposition to Tidewater's Motion, (ECF No. 51), and Tidewater filed a Reply Brief in Support of Tidewater's Motion.  (ECF No. 56.)

10.    The Court held a hearing on the Rule 12(b)(1) Motion, the Moores' Motion, and Tidewater's Motion.

11.    On November 26, 2018, the Court issued the Rule 12(b)(1) Order.  The Rule 12(b)(1) Order granted, in part, and denied, in part, the Rule 12(b)(1) Motion. 2018 NCBC LEXIS 157, at *35–36.  The Court dismissed without prejudice all of the Original Plaintiffs' derivative claims brought on behalf of the Investment Entities,

and Kane's and Skelton's derivative claims brought on behalf of Lookout. *Id.* The Court denied the Rule 12(b)(1) Motion to the extent it sought dismissal of O'Donnell's derivative claims brought on behalf of Lookout. *Id.* at *36. Accordingly, the only claims remaining in this lawsuit are O'Donnell's derivative claims brought on behalf of Lookout.

12. The Motions are now ripe for disposition.

## II.     ANALYSIS

### A. Rule 12(b)(6) Standard

13. In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court's inquiry is "whether, as a matter of law, the allegations of the complaint, treated as true are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). Dismissal of a claim pursuant to Rule 12(b)(6) is proper "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985). Otherwise, "a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970) (emphasis omitted).

14.     The Court construes the VADC liberally and accepts all allegations as true. *Laster v. Francis*, 199 N.C. App. 572, 577, 681 S.E.2d 858, 862 (2009). However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274, 620 S.E.2d 873, 880 (2005).

*B. The Moores' Motion*

15.     The Court has dismissed the Original Plaintiffs' derivative claims brought on behalf of the Investment Entities in the Rule 12(b)(1) Order, and, therefore, the Moores' motion to dismiss Plaintiff's derivative claims brought on behalf of the Investment Entities pursuant to the Rule 12(b)(6) is moot. However, the Moores have also moved for dismissal of Plaintiff's derivative claim brought on behalf of Lookout for violation of the UDTPA. (ECF No. 42.)

16.     Plaintiff alleges that the Moores' breaches of fiduciary duties owed to Lookout and breaches of Lookout's Operating Agreement "constitute unfair and deceptive acts in violation of North Carolina law." (ECF No. 36, at ¶ 239.) Plaintiff also alleges that

> Defendants' breaches of contract and fiduciary duty were accompanied by aggravating circumstances, as they made misrepresentations to Lookout's members regarding the nature of the company, formed Tidewater as a competing private equity firm to Lookout, prematurely and improperly discontinued Lookout's investment activities, damaged Lookout's reputation, engaged in self-dealing, and misappropriated Lookout's assets and investment opportunities to the benefit of Defendants and the detriment of Lookout.

(*Id.* at ¶ 240.) With the exception of the reference to "misrepresentations to Lookout members regarding the nature of the company," this allegation is essentially a restatement of the allegations supporting Plaintiff's claims brought on behalf of Lookout against the Moores for breach of fiduciary duty (*see id.* at ¶ 182), breach of operating agreement (*see id.* at ¶ 190), breach of implied covenant of good faith and fair dealing (*see id.* at ¶ 196), and waste of corporate assets (*see id.* at ¶ 211). The Moores have not moved to dismiss any of these claims.

17. The Moores argue that Plaintiff's UDTPA claim should be dismissed because their alleged acts were not in or affecting commerce, and because Plaintiff's claim for breach of contract is insufficient to support a UDTPA claim because Plaintiff does not allege aggravating circumstances accompanying the breaches. (ECF No. 43, at pp. 13–17.)

18. The UDTPA declares unlawful any "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." To state a claim under G.S. § 75-1.1, a plaintiff must allege "(1) [that] the defendants committed an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff[ ] or to the plaintiffs' business." *Birtha v. Stonemor, N.C., LLC*, 220 N.C. App. 286, 298, 727 S.E.2d 1, 10 (2012). "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and a practice is deceptive if it has the capacity or tendency to deceive." *Bumpers v. Cmty. Bank of N.*

*Va.*, 367 N.C. 81, 91, 747 S.E.2d 220, 228 (2013) (quotation marks omitted). "An act or practice is deceptive if it has the capacity or tendency to deceive." *Ace Chem. Corp. v. DSI Transps.*, 115 N.C. App. 237, 247, 446 S.E.2d 100, 106 (1994) (quotation marks omitted). Whether an act or practice is unfair or deceptive is ultimately a question of law for the Court. *Songwooyarn Trading Co. v. Sox Eleven, Inc.*, 213 N.C. App. 49, 56, 714 S.E.2d 162, 167 (2011).

19.    For purposes of the UDTPA, the term "'commerce' includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession." G.S. § 75-1.1(b). The phrase "'[b]usiness activities' [ ] connotes the manner in which businesses conduct their regular, day-to-day activities, or affairs, such as the purchase and sale of goods, or whatever other activities the business regularly engages in and for which it is organized." *White v. Thompson*, 364 N.C. 47, 52, 691 S.E.2d 676, 679 (2010). Additionally, in *Alexander v. Alexander*, 792 S.E.2d 901, 2016 N.C. App. LEXIS 1252 (2016), the North Carolina Court of Appeals held that:

> [a]lthough this statutory definition of commerce is expansive, the [UDTPA] is not intended to apply to all wrongs in a business setting. In *White*, our Supreme Court emphasized that the UDTPA is not focused on the internal conduct of individuals within a single market participant, that is, within a single business[,] but rather the General Assembly intended the Act's provisions to apply to interactions *between market participants*.

792 S.E.2d at 904, 2016 N.C. App. LEXIS 1252, at *7–8 (citing *HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 593, 403 S.E.2d 483, 492 (1991) and *White*, 364 N.C. at 53, 691 S.E.2d at 680) (internal citations and quotation marks omitted); *see*

*also Weaver Inv. Co. v. Pressly Dev. Assocs.*, 234 N.C. App. 645, 654, 760 S.E.2d 755, 761 (2014) (dismissing plaintiff's UDTPA claim because "defendants' misconduct within the confines of the partnership was not 'in or affecting commerce . . . .'").

20.     In addition, it is well established that "[a] mere breach of contract, even if intentional, is not an unfair or deceptive act under [the UDTPA]." *Bob Timberlake Collection, Inc. v. Edwards,* 176 N.C. App. 33, 42, 626 S.E.2d 315, 323 (2006) (citing *Bartolomeo v. S.B. Thomas, Inc.*, 889 F.2d 530, 535 (4th Cir. 1989) and *Skinner v. E. F. Hutton & Co., Inc.*, 314 N.C. 267, 275, 333, S.E.2d 236, 241 (1985)).  In order for a breach of contract to provide the basis for a claim for unfair or deceptive trade practices, "a party must show substantial aggravating circumstances attending the breach."  *Bob Timberlake*, 176 N.C. App. at 42, 626 S.E.2d at 323; *see also Post v. Avita Drugs, LLC*, 2017 NCBC LEXIS 95, *11–12 (N.C. Super. Ct. Oct. 11, 2017) (stating that "only where the circumstances of the breach exhibit clear deception are they sufficiently egregious to impose [UDTPA] liability[,]" and citing cases discussing potential aggravating circumstances).

21.     The Court concludes that Plaintiff's allegations that the Moores breached their fiduciary duties to Lookout involve conduct purely internal to Lookout, a single market participant, and cannot support a claim for violation of the UDTPA. Plaintiff alleges that the Moores breached their duties primarily by mismanaging Lookout, breaching Lookout's Operating Agreement, and forming Tidewater while still managers of Lookout.  The alleged conduct did not impact anyone other than Lookout and its members.

22.     Plaintiff argues that the allegations that the Moores usurped or diverted opportunities belonging to Lookout and gave such opportunities to Tidewater are sufficient to sustain the UDTPA claim.  (ECF No. 50, at pp. 16–17.)  Plaintiff is incorrect.  North Carolina courts have consistently held that allegations that a corporate manager breached fiduciary duties by diverting opportunities from a corporation to themselves, or to other third-party businesses the manager controlled, does not amount to unfair conduct "in or affecting commerce."  *E.g., Alexander*, 792 S.E.2d at 905, 2016 N.C. App. LEXIS 1252, at *10-11 (holding that a majority shareholder's "misappropriation of [corporate] funds through payments made directly to himself and his family members as well as payments made  to cover some of his own personal expenses" including "'land rent' in connection with the storage of the company's vehicles . . . are more properly classified as the misappropriation of corporate funds within a single entity rather than commercial transactions between separate market participants 'in or affecting commerce'"); *Chisum v. Campagna*, 2017 NCBC LEXIS 102, *36–37 (N.C. Super. Ct.  Nov. 7, 2017) (holding the plaintiff's claim that defendants diverted corporate opportunities and assets from LLCs in which plaintiff had an interest to third-party companies in which defendants were sole owners did "not allege that [defendants] directed any unfair or deceptive conduct towards or in their interactions with the third-party [companies], but only that the diversion of assets was a breach" of the defendants' duties to the LLC in which plaintiff had an interest); *Bandy v. Gibson*, 2017 NCBC LEXIS 66, at *21–22 (N.C. Super. Ct. July 26, 2017) (stating that the allegation that defendant-shareholder

diverted corporate funds to her husband and her husband's company "was incidental to the alleged unfair conduct that took place solely within [the corporation]" and was not "in or affecting commerce"). The allegations that the Moores diverted Lookout's opportunities to Tidewater do not support the claim that these acts were in or affecting commerce.

23. Plaintiff further contends that the Moores misrepresented to certain Lookout members that investment opportunities were being presented by Lookout when, in fact, the Moores were soliciting the investments for Tidewater, and that these acts were in commerce. (ECF No. 50, at p. 17.) Again, however, Plaintiff alleges that the misrepresentations were directed only to Lookout's members, arguably in breach of the Moores' fiduciary duties to Lookout, and not any third-party market participants.

24. Plaintiff also argues that the VADC alleges aggravating circumstances surrounding the Moores' breaches of the Lookout Operating Agreement that support a claim under the UDTPA, (ECF No. 50, at pp. 18–20), and direct the Court to the allegations in paragraph 240 of the VADC. (*Id.* at p. 19.) Again, these allegations merely restate the allegations underlying Plaintiff's claim for breach of fiduciary duty, and do not state any additional aggravating conduct surrounding the alleged breaches of the Operating Agreement.

25. Therefore, the Moores' Motion seeking dismissal of Plaintiff's derivative claim brought on behalf of Lookout against the Moores for violation of the UDTPA should be GRANTED.

*C. The Tidewater Motion*

26. The Court has dismissed the Original Plaintiffs' derivative claims brought on behalf of the Investment Entities and, therefore, Tidewater's motion to dismiss the Original Plaintiffs' derivative claims brought on behalf of the Investment Entities, pursuant to the Rule 12(b)(6), for tortious interference with contract, tortious interference with prospective economic advantage, and unjust enrichment is moot. Tidewater has not moved to dismiss these claims to the extent that they are brought on behalf of Lookout. (ECF No. 44, at p. 2.) However, Tidewater has also moved for dismissal of Plaintiff's derivative claims brought on behalf of Lookout for aiding and abetting breach of fiduciary duty and for violation of the UDTPA. (*Id.* at p. 2.) The Court will now consider the motion to dismiss these claims.

a. Aiding and abetting breach of fiduciary duty

27. Plaintiff alleges that Tidewater "is a third party to the fiduciary relationship between the Moores and Lookout's members, and . . . Tidewater knowingly participated in the Moores' breach of their fiduciary duties to Lookout and its members." (ECF No. 36, at ¶¶ 203–04.)

28. Defendants argue, and Plaintiff agrees, that "North Carolina's appellate courts have not, to date, expressly recognized a cause of action for aiding and abetting breach of fiduciary duty." *Islet Scis., Inc. v. Brighthaven Ventures, LLC*, 2017 NCBC LEXIS 4, at *14 (N.C. Super. Ct. Jan. 12, 2017). At best, "[t]he validity of an aiding and abetting a breach of fiduciary duty claim brought against a corporation *for the actions of its directors* is unsettled in North Carolina." *Corwin v. British Am. Tobacco*

*PLC*, 796 S.E.2d 324, 339, 2016 N.C. App. LEXIS 1320, at *42 (Dec. 20, 2016) (emphasis added).

29.    However, former Chief Judge Gale of this Court recently issued a decision holding squarely "that North Carolina does not recognize a claim of aiding and abetting breach of fiduciary duty." *Zloop, Inc. v. Parker Poe Adams & Bernstein*, LLP, 2018 NCBC LEXIS 16, at *33 (N.C. Super. Ct. Feb. 16, 2018). While recognizing that this Court's holdings are not binding precedent in this State, the Court nevertheless finds Judge Gale's reasoning and conclusion highly persuasive, and also holds that North Carolina does not recognize a claim of aiding and abetting breach of fiduciary duty. Accordingly, to the extent that Tidewater's Motion seeks dismissal of Plaintiff's derivative claim brought on behalf of Lookout for aiding and abetting a breach of fiduciary duty, it should be GRANTED.

b.    Violation of the UDTPA

30.    Plaintiff's UDTPA claim against Tidewater is based exclusively on its claim that Tidewater aided and abetted the Moores' breaches of their fiduciary duties. (ECF No. 36, at ¶ 239.)  Plaintiff does not allege any additional unfair or deceptive conduct by Tidewater, and makes no argument that the UDTPA claim against Tidewater can survive if the claim for aiding and abetting breach of fiduciary duty is dismissed. (ECF No. 51, at pp. 21–22.)

31.    Because the Court has dismissed Plaintiff's claim against Tidewater for aiding and abetting breach of fiduciary duty, the claim for violation of the UDTPA also should be dismissed. *B & F Slosman v. Sonopress, Inc.*, 148 N.C. App. 81, 89,

557 S.E.2d 176, 182 (2001) ("The essence of plaintiff's [UDTPA] claim is that defendant committed fraud . . . . Having determined that plaintiff has failed to make a *prima facie* case with respect to [the fraud claim], we likewise conclude plaintiff has not established a claim for unfair and deceptive business practices."); *Combs & Assocs. v. Kennedy*, 147 N.C. App. 362, 374, 555 S.E.2d 634, 642 (2001) ("[P]laintiff's claim that defendants engaged in unfair and deceptive trade practices rests with its claims for misappropriation of trade secrets, tortious interference with contracts and civil conspiracy.  Having determined that the trial court properly granted summary judgment on each of these claims, we likewise conclude that no claim for unfair and deceptive trade practices exists.").

32.     Therefore, Tidewater's motion to dismiss Plaintiffs' claim for violation of the UDTPA should be GRANTED.

## D.  CONCLUSION

THEREFORE, IT IS ORDERED that the Moores' Motion is GRANTED, in part, and DENIED as moot, in part, as follows:

1.     The Moores' Motion to dismiss Plaintiff's derivative claim brought on behalf of Lookout for violation of the UDTPA is GRANTED, and the claim is DISMISSED.

2.     The Moores' Motion to dismiss Plaintiff's derivative claims brought on behalf of the Investment Entities DENIED as moot.

IT IS FURTHER ORDERED that the Tidewater Motion is GRANTED, in part, and DENIED as moot, in part, as follows:

3.  Tidewater's Motion to dismiss Plaintiff's derivative claim brought on behalf of Lookout for aiding and abetting breach of fiduciary duty is GRANTED, and the claim is DISMISSED.

4.  Tidewater's Motion to dismiss Plaintiff's derivative claim brought on behalf of Lookout for violation of the UDTPA is GRANTED, and the claim is DISMISSED.

5.  Tidewater's Motion to dismiss Plaintiffs' derivative claims brought on behalf of the Investment Entities is DENIED as moot.

SO ORDERED, this the 4th day of December, 2018.


       /s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge for
Complex Business Cases